Horace W. Green (SBN 115699)
GREEN & HUMBERT
220 Montgomery Street, Suite 438
San Francisco, California 94104
Telephone: (415) 837-5433
Facsimile: (415) 837-0127

Attorneys for Defendants
SAN DIEGO GAS & ELECTRIC COMPANY;
and SEMPRA ENERGY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| MARK BROWNELL,<br><br>Plaintiff,<br><br>vs.<br><br>SAN DIEGO GAS & ELECTRIC COMPANY, SEMPRA ENERGY,<br><br>Defendants. | ) | Case No. 08 CV 0053 DMS BLM<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendants San Diego Gas & Electric Company ("SDGE") and Sempra Energy ("Sempra") (collectively "Defendants"), answering for themselves and for no other defendants, hereby answer Plaintiff's Complaint as follows:

**ANSWER TO JURISDICTIONAL ALLEGATIONS**

1. Answering paragraph one, Defendants admit that the allegations set forth in the Complaint are governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. Defendants further admit that the Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. Section 1132(e)(1).

2. Answering paragraph two, Defendants admit that venue is proper in this judicial district.

//

3. Answering paragraph three, Defendants admit that Plaintiff was employed by San Diego Gas & Electric Company from August 25, 1997 until July 28, 2004. Defendants further admit that Plaintiff was a participant in the San Diego Gas & Electric Company Long Term Disability Plan from August 25, 1997 until July 28, 2004. Except as expressly admitted herein, Defendants deny each and every remaining allegation contained in said paragraph.

4. Answering paragraph four, Defendants admit that SDGE was, at all times relevant hereto, the Plan Sponsor of the SDG&E Long Term Disability Plan (‘the Plan”). Except as expressly admitted herein, Defendants deny each and every remaining allegation contained in said paragraph.

5. Answering paragraph five, Defendants admit that the SDG&E Long Term Disability Plan is an employee welfare benefit plan as defined by ERISA. Except as expressly admitted herein, Defendants deny each and every remaining allegation contained in said paragraph.

**ANSWER TO FIRST CAUSE OF ACTION**

6. Answering paragraph six, Defendants are informed and believe, and based thereon admit, that Plaintiff submitted a claim for benefits under the Plan in or about July 2004. Except as expressly admitted herein, Defendants lack information and belief sufficient to respond to the remaining allegations contained in said paragraph, and, on that basis, Defendants deny each and every remaining allegation contained in said paragraph.

7. Answering paragraph seven, Defendants are informed and believe, and based thereon admit, that Plaintiff received Plan benefits for some period of time. Except as expressly admitted herein, Defendants deny each and every remaining allegation contained in said paragraph.

8. Answering paragraph eight, Defendants admit that the terms and conditions of the Plan are set forth in the Plan documents, which speak for themselves. Except as expressly admitted herein, Defendants deny each and every remaining allegation contained in said paragraph.

9. Answering paragraph nine, Defendants admit that Plaintiff's employment with SDGE was terminated effective July 28, 2004. Except as expressly admitted herein, Defendants deny each and every remaining allegation contained in said paragraph.

10. Answering paragraph ten, Defendants deny each and every allegation contained in said paragraph.

11. Answering paragraph eleven, Defendants deny each and every allegation contained in said paragraph.

12. Answering paragraph twelve, Defendants deny each and every allegation contained in said paragraph.

13. Answering paragraph thirteen, Defendants deny each and every allegation contained in said paragraph.

14. The Complaint does not contain a paragraph fourteen.

15. The Complaint does not contain a paragraph fifteen.

16. The Complaint does not contain a paragraph sixteen.

**ANSWER TO SECOND CAUSE OF ACTION**

17. Answering paragraph seventeen, Defendants admit that, in or about December 2003, Plaintiff requested and received a vacation payout. Except as expressly admitted herein, Defendants deny each and every remaining allegation contained in said paragraph.

18. Answering paragraph eighteen, Defendants admit that, in or about December 2003, Plaintiff requested and received a vacation payout. Except as expressly admitted herein, Defendants deny each and every remaining allegation contained in said paragraph.

19. Answering paragraph nineteen, Defendants lack information and belief sufficient to respond to the allegations contained in said paragraph, and, on that basis, Defendants deny each and every allegation contained in said paragraph

//

//

//

20. Answering paragraph twenty, Defendants admit that, in or about December 2003, Plaintiff requested and received the amount of vacation pay to which Plaintiff was legally entitled. Except as expressly admitted herein, Defendants deny each and every remaining allegation contained in said paragraph.

21. Answering paragraph twenty-one, Defendants deny each and every allegation contained in said paragraph.

22. Answering paragraph twenty-two, Defendants deny each and every allegation contained in said paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

23. Plaintiff's Complaint (including each purported cause of action contained therein) fails to set forth facts upon which relief may be granted against Defendants.

### SECOND AFFIRMATIVE DEFENSE

24. Plaintiff's Complaint (including every cause of action alleged therein) is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"); therefore, Plaintiff is not entitled to any remedy not provided under ERISA.

### THIRD AFFIRMATIVE DEFENSE

25. Any alleged damage suffered by Plaintiff was in no way caused by, or the result of, any fault, act or omission by Defendants, but rather was caused by circumstances, persons, and/or entities for which and/or for whom Defendants are not and may not be held responsible, including Plaintiff, and for which Defendants cannot be held liable.

### FOURTH AFFIRMATIVE DEFENSE

26. The Plan contains the following provision:

> "The Benefits Committee shall administer the Plan in accordance with its terms and applicable law and shall have all necessary and appropriate powers to carry out the provisions of the Plan. The Committee shall have full discretion to administer and interpret the Plan and to determine eligibility for benefits under

the Plan. Any action or determination of that Committee involving the administration, application or interpretation of the Plan or eligibility for benefits under the Plan shall be final, conclusive and binding on all persons."

The decision regarding Plaintiff's claim for paid medical and other ancillary benefits was based on substantial evidence and was reasonable given the information available to the Plan, and as such did not constitute an abuse of the discretionary authority granted to the Committee. Therefore, Plaintiff is not entitled to reinstatement into the Plan and/or recovery of welfare benefits.

**FIFTH AFFIRMATIVE DEFENSE**

27. Each and every action or statement made by Defendants was a good faith assertion of Defendants' rights and, therefore, was privileged and justified.

**SIXTH AFFIRMATIVE DEFENSE**

28. The actions alleged in the Complaint, if and to the extent that they took place, were taken in good faith and were a lawful exercise of the discretion granted under the terms of the Plan, and were based on a rational and reasonable consideration of the facts.

**SEVENTH AFFIRMATIVE DEFENSE**

29. Under ERISA, Plaintiff is bound by the terms of the Plan documents, and may not now complain that it was not what he expected. Therefore, Plaintiff is barred from obtaining the recovery he seeks by way of the Complaint.

**EIGHTH AFFRIMATIVE DEFENSE**

30. Under ERISA, Plaintiff is bound by the terms of the Plan documents, and may not justifiably rely on any alleged statement which contravenes the express language in the Plan documents. Therefore, Plaintiff is barred from obtaining the relief he seeks by way of the Complaint.

//

//

//

//

**NINTH AFFIRMATIVE DEFENSE**

31. Defendants are informed and believes, and based thereon allege, that if Plaintiff sustained any injury, damage, or loss, by reason of any act, error or omission of Defendants (which Defendants deny), said injury, damage, or loss, if any, must be reduced on the basis of the comparative negligence of Plaintiff which contributed to and proximately caused any such injury, damage, or loss, incurred by Plaintiff.

**TENTH AFFIRMATIVE DEFENSE**

32. Any alleged damage suffered by Plaintiff was in no way caused by, or the result of, any fault, act or omission by Defendants, but rather was caused by the actions of third parties for whom Defendants may not be held responsible and/or liable.

**ELEVENTH AFFIRMATIVE DEFENSE**

33. Plaintiff's claims, and each of them, are barred by the applicable statutes of limitation, including but not limited to, California Code of Civil Procedure Sections 335.1 and 338(a) (as applied under ERISA). Therefore, Plaintiff is not entitled to the relief sought herein.

**TWELFTH AFFIRMATIVE DEFENSE**

34. Under ERISA, Plaintiff's claims may only be brought against the Plan. Therefore, SDGE and Sempra are not proper parties to Plaintiff's Complaint.

**THIRTEENTH AFFIRMATIVE DEFENSE**

35. Plaintiff's claim for vacation benefits and/or other wages does not relate to an employee benefit plan; therefore, Plaintiff may not state a claim for recovery of such benefits under ERISA.

**FOURTEENTH AFFIRMATIVE DEFENSE**

36. Defendants reserve the right to amend their Answer to Plaintiff's Complaint, including the right to include additional affirmative defenses.

WHEREFORE, Defendants pray for the following relief:

1. That Plaintiff's Complaint be dismissed with prejudice, and that Plaintiff take nothing thereby;

2. That judgment be entered in favor of Defendants and against Plaintiff;

3. That Defendants be awarded their costs of suit and attorney's fees; and

4. For such other and further relief as the Court may deem just and proper.

DATE: March 11, 2008

GREEN & HUMBERT

By: /s/ Horace W. Green
HORACE W. GREEN

Attorneys for Defendants
SAN DIEGO GAS & ELECTRIC COMPANY and SEMPRA ENERGY