UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK BROWNELL,<br><br>Plaintiff,<br>v.<br><br>SAN DIEGO GAS & ELECTRICE COMPANY; SEMPRA ENERGY,<br><br>Defendants. | Case No. 08cv53-DMS (BLM)<br><br>**ORDER VACATING CASE MANAGEMENT CONFERENCE AND REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS**<br><br>(Fed. R. Civ. P. 16)<br>(Local Rule 16.1)<br>(Fed. R. Civ. P. 26) |

On May 6, 2008, Plaintiff submitted an *ex parte* application to continue the Case Management Conference set for May 8, 2008 at 2:30 p.m., citing his counsel's conflict with another court date. Doc. No. 13. In light of Plaintiff's unavailability, the Court hereby **VACATES** the May 8, 2008 Case Management Conference. Further, good cause appearing, the Court sets the following dates.

**IT IS HEREBY ORDERED:**

1. Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before **June 9, 2008**.

2. Each party shall serve on all opposing parties a list of experts, whom that party expects to call at trial, on or before **August 8, 2008**. Each party may supplement its designation in response to the

other party's designation no later than **August 22, 2008**. Expert designations shall include the name, address, and telephone number of each expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

3. All expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before **October 10, 2008**. Any contradictory or rebuttal information shall be disclosed on or before **October 24, 2008**. In addition, Fed. R. Civ. P. 26(e)(1) imposes a duty on the parties to supplement the expert disclosures made pursuant to Fed. R. Civ. P. 26(a)(2)(B) by the time that pretrial disclosures are due under Fed. R. Civ. P. 26(a)(3) (discussed below).

The parties are advised to consult with Fed. R. Civ. P. 26(a)(2) regarding expert disclosures. Such disclosures shall include an expert report, all supporting materials, a complete statement of all opinions to be expressed and the basis and reasons therefore, the data or other information considered by the expert in forming the opinions, any exhibits to be used as a summary of or as support for the opinions, the qualifications of the witness including a list of all publications authored by the witness within the preceding ten years, the compensation to be paid for the study and testimony, and a list of other cases in

which the witness has testified as an expert at trial or by deposition within the preceding four years.

This disclosure requirement applies to all persons retained or specially employed to provide expert testimony or whose duties as an employee of the party regularly involve the giving of expert testimony.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

4. All discovery shall be completed on or before **December 12, 2008**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure.

Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Civil Local Rules 16.5(k) and 26.1(a). **All discovery motions shall be filed within thirty (30) days after counsel have met and conferred and reached an impasse with regard to any particular discovery issue, but in no event shall discovery motions be filed more than sixty (60) days after the date upon which the event giving rise to the discovery dispute occurred.** For oral discovery, the event giving rise to the discovery dispute is the completion of the transcript of the affected portion of the deposition. For written discovery, the event giving rise to the discovery dispute is either the service of the response, or, if no response was served, the initial date the response was due. **In addition, all discovery motions**

**must be filed within thirty (30) days after the close of discovery.**

5. All other pretrial motions must be filed on or before **January 12, 2009**. Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the law clerk of the judge who will hear the motion. Failure to timely request a motion date may result in the motion not being heard. Motions will not be heard unless you have obtained a date from the judge's law clerk.

Questions regarding this case should be directed to the judge's law clerk. The Court draws the parties' attention to Local Rule 7.1(e)(4) which requires that the parties allot additional time for service of motion papers by mail. Papers not complying with this rule shall not be accepted for filing.

Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of the judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without leave of the judge who will hear the motion.

6. A Mandatory Settlement Conference shall be conducted on **September 17, 2008** at **1:30 p.m.** in the chambers of Magistrate Judge Barbara L. Major located at **940 Front Street, Suite 5140, San Diego, CA 92101**. All discussions at the Mandatory Settlement Conference will be informal, off the record, privileged, and confidential. Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

a. **Personal Appearance of Parties Required**: All parties, adjusters for insured defendants, and other representatives of a party having full and complete authority to enter into a binding settlement, as well as the principal attorneys responsible for the litigation, must be present **in person** and legally and factually prepared to discuss

settlement of the case. Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference.

Unless there are extraordinary circumstances, persons required to attend the conference pursuant to this Order shall not be excused from personal attendance. **Requests for excuse from attendance for extraordinary circumstances shall be made in writing at least three (3) court days prior to the conference.** Failure to appear **in person** at the Mandatory Settlement Conference will be grounds for sanctions.

b. **Full Settlement Authority Required**: In addition to counsel who will try the case, a party or party representative with full settlement authority[1] must be present for the conference. In the case of a corporate entity, an authorized representative of the corporation who is not retained outside counsel must be present and must have discretionary authority to commit the company to pay an amount up to the amount of the Plaintiff's prayer (excluding punitive damages prayers). The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior. Counsel for a government entity may be excused

---

[1] "Full settlement authority" means that the individuals at the settlement conference must be authorized to explore settlement options fully and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face to face conference. Id. at 486. A limited or a sum certain of authority is not adequate. See Nick v. Morgan's Foods, Inc., 270 F.3d 590, 595-97 (8th Cir. 2001).

from this requirement so long as the government attorney who attends the Mandatory Settlement Conference (1) has primary responsibility for handling the case, and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official having ultimate settlement authority.

c. **Confidential Settlement Statements Required**: No later than **September 10, 2008**, the parties shall submit directly to Magistrate Judge Major's chambers confidential settlement statements no more than five (5) pages in length. **These confidential statements shall not be filed or served on opposing counsel.** Each party's confidential statement must include the following:

(i) A brief description of the case, the claims and/or counterclaims asserted, and the applicable defenses or position regarding the asserted claims;

(ii) A specific and current demand or offer for settlement addressing all relief or remedies sought. If a specific demand or offer for settlement cannot be made at the time the brief is submitted, then the reasons therefore must be stated along with a statement as to when the party will be in a position to state a demand or make an offer; and

(iii) A brief description of any previous settlement negotiations, mediation sessions, or mediation efforts.

General statements that a party will "negotiate in good faith" is not a specific demand or offer contemplated by this Order. It is assumed that all parties will negotiate in good faith.

d. **Requests to Continue a Mandatory Settlement Conference**: Any request to continue the Mandatory Settlement Conference or request for relief from any of the provisions or requirements of this Order must

be sought by a **written *ex parte* application**. The application must (1) be supported by a declaration of counsel setting forth the reasons and justifications for the relief requested, (2) confirm compliance with Civil Local Rule 26.1, and (3) report the position of opposing counsel or any unrepresented parties subject to the Order. **Absent extraordinary circumstances, requests for continuances will not be considered unless submitted in writing no fewer than seven (7) days prior to the scheduled conference.**

**If the case is settled in its entirety before the scheduled date of the conference, counsel and any unrepresented parties must still appear in person, unless a written joint motion confirming the complete settlement of the case is submitted no fewer than twenty-four (24) hours before the scheduled conference.**

7. The parties must comply with the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3) no later than **April 17, 2009**. The parties should consult Fed. R. Civ. P. 26(a)(3) for the substance of the required disclosures.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of designated matters in evidence.**

8. Counsel shall serve on each other and file with the Clerk of the Court their Memoranda of Contentions of Fact and Law in compliance with Local Rule 16.1(f)(2) on or before **April 17, 2009**.

9. Counsel shall confer and take the action required by Local Rule 16.1(f)(4) on or before **April 24, 2009**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall

exchange copies and/or display all exhibits other than those to be used for impeachment, lists of witnesses and their addresses including experts who will be called to testify, and written contentions of applicable facts and law. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(2)(c). Counsel shall cooperate in the preparation of the proposed final pretrial conference order.

10. The proposed final pretrial conference order, including written objections, if any, to any party's Fed. R. Civ. P. 26(a)(3) pretrial disclosures, shall be prepared, served, and submitted to the Clerk's Office on or before **May 1, 2009** and shall be in the form prescribed in and in compliance with Local Rule 16.1(f)(6). **In addition, the parties shall include in the proposed pretrial order a statement to be read to the jury, not in excess of one page, of the nature of the case and the claims and defenses.** Any objections to pretrial disclosures shall comply with the requirements of Fed. R. Civ. P. 26(a)(3). **Please be advised that the failure to file written objections to a party's pretrial disclosures may result in the waiver of such objections, with the exception of those made pursuant to Rules 402 (relevance) and 403 (prejudice, confusion or waste of time) of the Federal Rules of Evidence.**

///

///

///

///

///

///

///

///

11. The final pretrial conference is scheduled on the calendar of the Honorable Dana M. Sabraw on **May 8, 2009** at **10:30 a.m**. The trial is scheduled to commence on **June 22, 2009** at **9:00 a.m.** on the calendar of the Honorable Dana M. Sabraw.

12. The dates and times set forth herein will not be modified except for good cause shown.

13. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

DATED: May 7, 2008

BARBARA L. MAJOR
United States Magistrate Judge

COPY TO:

HONORABLE DANA M. SABRAW
U.S. DISTRICT JUDGE

ALL COUNSEL