Horace W. Green (SBN 115699)
GREEN & HUMBERT
220 Montgomery Street, Suite 438
San Francisco, California 94104
Telephone: (415) 837-5433
Facsimile: (415) 837-0127

Attorneys for Defendants
SAN DIEGO GAS & ELECTRIC COMPANY
and SEMPRA ENERGY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK BROWNELL,<br><br>Plaintiff,<br><br>vs.<br><br>SAN DIEGO GAS & ELECTRIC COMPANY; SEMPRA ENERGY,<br><br>Defendants. | **Case No. 08 CV 53 DMS (BLM)**<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON STATUTE OF LIMITATIONS GROUNDS**<br><br>**Hearing Date: October 3, 2008**<br>**Time: 1:30 p.m.**<br>**Ctrm.: 10**<br><br>**HONORABLE DANA M. SABRAW** |

## TABLE OF CONTENTS


**TABLE OF AUTHORITIES** 3

**I. INTRODUCTION** 4

**II. STATEMENT OF FACTS** 5

A. Plaintiff's Employment with SDG&E 5

1. Plaintiff went out on leave in June 2003 and never returned to work 5

2. Plaintiff's employment terminated on July 28, 2004 per the terms of the CBA after his year- long sick leave of absence expired 6

B. Plaintiff Has Been Aware of His Claims Since at Least mid-2004. 6

**III. ARGUMENT** 7

A. Plaintiff's ERISA Section 510 Claim Is Barred by a Two Year Statute of Limitations 7

B. Plaintiff's Labor Code Section 201 Claim Is Barred by a Three Year Statute of Limitations 9

**IV. CONCLUSION** 12

# TABLE OF AUTHORITIES

Cases


Aubry v. Goldhor, 201 Cal. App. 3d 399 (1988) .......... 10

Barton v. New United Motor Mfg., Inc., 43 Cal. App. 4th 1200 (1996) .......... 8

Burrey v. Pacific Gas and Electric Company, 159 F.3d 388, 396 (9th Cir. 1998) .......... 8

Cuadra v. Millan, 17 Cal. 4th at 855 (1998) .......... 9, 10

Hinton v. NMI Pacific Enterprises, 5 F.3d 391 (9th Cir. 1993) .......... 8

Hudson v. Delta Airlines, 90 F.3d 451 (11th Cir. 1996) .......... 4

Johnson v. Henderson, 314 F.3d 409 (9th Cir. 2002) .......... 12

Lyon v. Whisman, 45 F.3d 758 (3d Cir. 1995) .......... 4

Medrano v. D'Arrigo Bros. Co., 125 F. Supp. 2d 1163, 1170 (N.D. Cal. 2000) .......... 10

Samuels v. Mix, 22 Cal 4th 4 (1999) .......... 9


Statutes


28 U.S.C. § 1367(a) .......... 4

29 U.S.C. § 1140(g) .......... 4

29 U.S.C. Section 1140 .......... 7

Cal. Civ. Proc. Code § 335.1 .......... 8

Cal. Civ. Proc. Code § 338(a) .......... 10

Cal. Labor Code §§ 98(a), 1197.5(e), (g) .......... 10

Cal. Labor Code § 227.3 .......... 10

ERISA Section 510 .......... 7, 8, 9

Defendants San Diego Gas & Electric ("SDG&E") and Sempra Energy ("Sempra"), (collectively, "Defendants"), respectfully submit the following memorandum of points and authorities in support of their motion for summary judgment on the grounds that Plaintiff Mark Brownell's ("Plaintiff") claims are barred by the applicable statutes of limitation.

## I. INTRODUCTION

Plaintiff was an employee of SDG&E, a Sempra Energy utility, from August 1997 through July 28, 2004. Plaintiff's employment relationship terminated only after he exhausted the year long sick leave provided for in the collective bargaining agreement that governed his employment. Plaintiff's union grieved his termination pay and cessation of medical benefits in August 2004, and his current attorney began representing him in connection with the very claims alleged in the Complaint as early as April 2005. Nevertheless, Plaintiff waited until January 9, 2008 to file suit. Accordingly, the statutes of limitation on both of his claims have expired.

Plaintiff alleges two claims for relief: (1) termination in violation of Section 510 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1140(g); and (2) failure to pay vacation wages in violation of California Labor Code Section 201. The first claim alleges that SDG&E terminated Plaintiff's employment in order to deprive him of health and pension benefits. The statute of limitations for ERISA Section 510 claims is two years from the date of termination. Plaintiff's second claim alleges that SDG&E improperly calculated his vacation payout in December 2003. Assuming without conceding that the Court has jurisdiction[1], California law requires that Labor Code Section 201 claims be brought within three years of termination. Plaintiff did not file this action until January 9, 2008. Both claims are time barred because Plaintiff waited three and a half years to file suit.

Finally, there is no basis for any contention by Plaintiff that equitable tolling applies

[1] The Court may exercise supplemental jurisdiction over a state law claim only if it forms "part of the same case or controversy" as an ERISA claim. 28 U.S.C. § 1367(a). The fact that both claims arise out of a plaintiff's employment is not sufficient. Lyon v. Whisman, 45 F.3d 758, 762-763 (3d Cir. 1995); see also Hudson v. Delta Airlines, 90 F.3d 451, 455-456 (11th Cir. 1996).

because he was aware of his claims and represented by counsel for well over three years prior to filing suit. Therefore, Defendants' motion should be granted in its entirety.

## II. STATEMENT OF FACTS

### A. Plaintiff's Employment with SDG&E

SDG&E hired Plaintiff in August 1997 as a mechanic in the Gas Operations Department (Declaration of James Boland ("Boland Dec."), ¶ 3). As a result, Plaintiff became a participant in certain SDG&E employee benefit plans (Complaint ¶ 3-4). He also became a member of the International Brotherhood of Electrical Workers, AFL-CIO, Local 465 ("IBEW Local 465"), and his employment was governed by the terms of a collective bargaining agreement between IBEW Local 465 and SDG&E (Boland Dec. ¶ 4).

#### 1. Plaintiff went out on leave in June 2003 and never returned to work

Plaintiff went out on a medical leave of absence in June 2003 and never returned to work (Boland Dec. ¶¶ 5-6). In December 2003, Plaintiff began receiving long-term disability benefits in the amount of 60% of his base pay (Boland Dec. ¶ 6). He also requested to be paid the cash value of his accrued, but unused vacation time (Complaint ¶ 17; Boland Dec. ¶ 7). Plaintiff had vacation, holiday, flex, and unused sick time in the gross amount of $3,902.22. He also had deductions of $3,840.19 for the following:

| | |
|---|---|
| State and Federal taxes | $361.99[2] |
| Employee Association fee | $12.00 |
| Union dues | $40.71 |
| U.S. Savings Bond (purchased through SDG&E) | $19.24 |
| Wage Assignment (due to wage garnishment order) | $63.50 |
| Medical coverage premium arrears | $2,373.03 |
| Dental coverage premium arrears | $139.59 |
| Vision coverage premium arrears | $75.79 |
| Life insurance premium arrears | $333.72 |
| AD&D premiums | $24.73 |
| Spouse Life insurance premiums | $302.50 |
| LTD premiums | $93.39 |

[2] SS/Dis $63.69; Medicare $14.88; Fed Withholding $222.39; State Withholding $53.37; VPDI $7.76.

(Boland Dec. ¶ 7 and Ex. "E"). It is undisputed that SDG&E sent Plaintiff a check for the balance of $62.03 on December 12, 2003 (Boland Dec. ¶ 7and Ex. "D").

2. Plaintiff's employment terminated on July 28, 2004 per the terms of the CBA after his year- long sick leave of absence expired

After a year of leave, Plaintiff was still physically unable to return to his former position or secure an alternative position with SDG&E (Boland Dec. ¶¶ 5-6). The collective bargaining agreement provides that employees may take a sick leave of absence for up to one year (Boland Dec. ¶ 4 and Ex. "B"). If they cannot return to work at the end of the leave, the employment relationship is terminated per the following term of the collective bargaining agreement:

> Sick Leave of Absence
>
> A regular employee who will be off work for a pro-longed period without pay due to illness or injury, and who has exhausted all sick leave, vacation benefits, and floating holidays may be granted a Sick Leave of Absence. Such leave shall be equal to the employee's length of service but not to exceed one year. If the employee is unable to return to work at the end of the leave, or if at any time during the leave it becomes conclusive that the employee will be unable to return to work, the employee will be terminated.

(Boland Dec. ¶ 4 and Ex. "B") (emphasis added).[3] Accordingly, by letter dated July 28, 2004, SDG&E notified Plaintiff that his leave had expired and his employment relationship with SDG&E was terminated (Boland Dec. ¶ 8 and Ex. "F").

B. Plaintiff Has Been Aware of His Claims Since at Least mid-2004.

On August 27, 2004, Plaintiff grieved SDG&E's calculation of his vacation payout and the termination of his medical benefits upon termination (Boland Dec. ¶ 10 and Ex. "H"). SDG&E denied the grievance, and the Union chose not to pursue arbitration (Boland Dec. ¶ 10). On October 4, 2004, IBEW Local 465 appealed Plaintiff's vacation payout and the termination of his medical benefits to the Sempra Energy Benefits Committee.

---

[3] By letter dated June 26, 2003, SDG&E reminded Plaintiff that "[a]t such time that you reach the maximum length for your Medical Leave of Absence your benefits and employment with Sempra Energy Utilities may terminate" (Ex. C).

(Declaration of Larry Stein ("Stein Dec.") ¶ 2 and Ex. "I"). By letter dated December 7, 2004, the Benefits Committee denied Plaintiff's appeal (Stein Dec. ¶ 3 and Ex. "J").

In 2005, Plaintiff's current attorney raised these issues again in correspondence with SDG&E (Stein Dec. ¶ 4 and Ex. "K"). SDG&E reaffirmed its denial of Plaintiff's claims and provided Plaintiff's attorney with a copy of the December 7, 2004 letter (Stein Dec. ¶ 5 and Ex. "L"). Nevertheless, Plaintiff waited to file suit until January 9, 2008.

SDG&E's counsel wrote to Plaintiff's counsel on February 11, 2008 to inform him that the applicable statutes of limitation bar both of Plaintiff's claims (Declaration of Dawn M. Andrews ("Andrews Dec.") ¶ 2 and Ex. "O"). Plaintiff's counsel refused to dismiss the complaint, citing inapplicable legal authority, which is discussed in detail below (Andrews Dec. ¶ 3 and Ex. "P").

## III. ARGUMENT

### A. Plaintiff's ERISA Section 510 Claim Is Barred by a Two Year Statute of Limitations

Plaintiff's first claim alleges that SDG&E terminated his employment in order to deprive him of health benefits (Complaint, ¶ 9) and pension credits (Complaint, ¶ 10) in violation of ERISA Section 510. Section 510 of ERISA, 29 U.S.C. Section 1140, provides, in pertinent part, as follows:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, this title, section 3001 [29 USCS § 1201], or the Welfare and Pension Plans Disclosure Act, or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, this title, or the Welfare and Pension Plans Disclosure Act.

ERISA Section 510 effectively prohibits an employer from terminating an employee in order to interfere with an employee's attainment of welfare plan benefits or rights.

Section 510 of ERISA does not contain a statute of limitations. Accordingly, the Ninth Circuit looks to the most analogous state law limitations period. Burrey v. Pacific Gas and Electric Company, 159 F.3d 388, 396 (9th Cir. 1998) (citing Felton v. Unisource Corp., 940 F.2d 503, 510 (9th Cir. 1991)). The Ninth Circuit has held that "the most

analogous state law claim would be wrongful termination against public policy or retaliatory discharge." Id. The statute of limitations on a wrongful termination or retaliatory discharge claim is currently two years. See Cal. Civ. Proc. Code § 335.1 (formerly Cal. Civ. Proc. Code § 340(3), amended by Stats 2002, ch. 448, which added § 335.1 thereto)).[4]

In Burrey v. Pacific Gas & Electric Company, 159 F.3d 388, 396-97 (9th Cir. 1998), the Ninth Circuit held that the statute of limitations applicable to state law wrongful termination claims applies equally to ERISA Section 510 claims. The Court noted that courts had previously applied different limitations periods, but ultimately held that the statute of limitations for Section 510 claims was one (now two) years from the date of termination:

> [W]e conclude the one-year statute of limitations set forth in the Code of Civil Procedure section 340(3) applies to the plaintiffs' ERISA section 510 claim. The plaintiffs allege that their employment was effectively terminated by the January 1, 1994 agreement between PG&E and Stafco. The plaintiffs did not file their Section 510 claim until December 26, 1995, more than one year after the alleged termination. Therefore, under Barton, the plaintiffs' Section 510 claim is time barred.

159 F.3d at 396-397.

Likewise, here it is undisputed that SDG&E terminated Plaintiff's employment effective July 28, 2004, but Plaintiff waited until January 2008 to file suit (Boland Dec. Ex. "F"). Because Plaintiff waited three and a half years to file suit, his ERISA Section 510 claim is time barred. Burrey, 159 F.3d at 396-97.

In correspondence with counsel for SDG&E, Plaintiff's counsel argued that the applicable limitations period is the four year statute for breach of contract actions, citing Hinton v. NMI Pacific Enterprises, 5 F.3d 391 (9th Cir. 1993). However, in Hinton, which preceded Burrey, the Ninth Circuit expressly rejected Plaintiff's very argument, holding "the most analogous state law claim would be wrongful termination against public policy or retaliatory discharge . . . [t]he analogous California statute, addressing the tort of wrongful

---

[4] When the Ninth Circuit issued its opinion in Burrey, wrongful termination claims had a one year statute of limitations, as set forth in then Code of Civil Procedure Section 340(3). See Barton v. New United Motor Mfg., Inc., 43 Cal. App. 4th 1200, 1206 (1996). Since 2002, a two year statute of limitations has applied. See Cal. Civ. Proc. Code § 335.1.

termination, prescribes a one-year statute of limitations." Id. at 394. Plaintiff has cited no authority for applying other than the two year statute of limitations to his ERISA Section 510 claim. Nor is there any. Accordingly, summary judgment should be granted on Plaintiff's first claim.

B. Plaintiff's Labor Code Section 201 Claim Is Barred by a Three Year Statute of Limitations

Plaintiff's second claim for relief alleges failure to pay all accrued, unused vacation time upon termination in violation of California Labor Code Section 201 and seeks waiting time penalties under Section 203 (Complaint, ¶ 21[5]). Specifically, Plaintiff alleges that he requested that all accrued, unused vacation time be paid out on December 12, 2003 (Complaint, ¶ 17). He asserts that SDG&E paid out his accrued, unused vacation time, but improperly withheld healthcare premiums from the vacation payout (Complaint, ¶ 18).

Labor Code Section 201(a) provides that: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Section 203 provides, in pertinent part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

Employees may enforce this obligation either by filing an administrative claim with the Labor Commissioner (a "Berman" hearing)[6] or by filing an action at law. Cal. Labor Code §§ 98(a), 1197.5(e), (g). The statute of limitations for an alleged violation of Labor Code Section 201 or 203 is three years from the date of termination. Cal. Civ. Proc. Code

---

[5] Interestingly, Plaintiff did not allege a claim for violation of California Labor Code Section 227.3, which provides that "all vested vacation shall be paid . . . as wages" upon termination.

[6] The Court in Cuadra v. Millan, described the "Berman" procedure as involving a hearing based on a complaint and an answer, with short time frames for the decision making process and the right of appeal to the appropriate court. 17 Cal. 4th 855, 859-860 (1998), disapproved on other grounds in Samuels v. Mix, 22 Cal. 4th 4 (1999) (citing 1 Wilcox, Cal. Employment Law (1997) § 5.10 to 5.19, pp. 5-16.2 to 5-52).

§ 338(a); see Medrano v. D'Arrigo Bros. Co., 125 F. Supp. 2d 1163, 1170 (N.D. Cal. 2000); see also Cuadra, 17 Cal. 4th at 859-860.

Here, it is undisputed that Plaintiff's vacation was paid out in December 2003 with what he alleges were improper deductions for healthcare premium arrears (Boland Dec. ¶7 and Ex. "D"). Nevertheless, he waited for over five years, until January 2008, to file suit. Because this action was filed more than five years after Plaintiff received the contested payout and three and a half years after the date of Plaintiff's termination, it is time barred and summary judgment should be granted to Defendants. Cal. Civ. Proc. Code § 338(a); Medrano, 125 F. Supp. 2d at 1170; Cuadra, 17 Cal. 4th at 859-860.

Plaintiff apparently recognized this time barrier because he alleges in conclusory fashion that his Labor Commissioner claim tolled the statute of limitations. Complaint, ¶ 19. Plaintiff is mistaken. In Aubry v. Goldhor, 201 Cal. App. 3d 399 (1988), the California Court of Appeal rejected this very argument. In holding that the three year statute of limitations barred the plaintiff's claim for unpaid overtime, the court expressly concluded that filing a Labor Commissioner claim does not toll the statute of limitations. Id. at 406-07.

Further, the Goldhor court rejected the plaintiff's argument that equitable tolling applied because he failed to allege specific facts that would demonstrate the existence of the following elements: "(1) timely notice to the defendant in filing the first claim, (2) lack of prejudice to defendant in gathering evidence to defend against the second claim, and (3) good faith and reasonable conduct by plaintiff in filing the second claim." Id. As the court reasoned:

> [If] on the face of the complaint the action appears barred by the statute of limitations, plaintiff has an obligation to anticipate the defense and plead facts to negative the bar. [Citations omitted]. The complaint alleged that on or about February 1, 1985, Allen filed a claim for wages with plaintiff and assigned his wage claims to plaintiff for collection. . . These allegations merely establish plaintiff's status as the real party in interest with standing. . . . They do not show existence of the elements necessary for application of the doctrine of equitable tolling. . ..

201 Cal. App. 3d at 406-407 (granting defendant's demurrer due to expiration of statute of limitations).

Plaintiff's complaint suffers from the same defects. Like the employee in Goldhor, Plaintiff erroneously contends his Labor Commissioner claim automatically tolls the three year statute of limitations. Further, just like the employee in the precedent case, Plaintiff failed to allege specific facts to demonstrate each of the elements of equitable tolling. He failed to allege specific facts demonstrating Defendants received timely notice of his Labor Commissioner claim. Further, he made no attempt to allege lack of prejudice to Defendants, including prior notice and opportunity to develop the facts necessary to defend against the claim. Most importantly, Plaintiff did not and cannot allege that he acted reasonably and in good faith by waiting five years to file suit. He did not allege any facts regarding the completion or outcome of the administrative proceedings. He offered no explanation as to why this action was not filed within the three year limitations period. Moreover, he offers no facts that would suggest that he acted diligently. Nor can he.

On December 7, 2004, SDG&E notified Plaintiff that his grievance regarding his vacation payout was denied (Stein Dec. ¶ 3 and Ex. "J"). In early 2005, Plaintiff's current attorney raised the issue again and was informed that SDG&E believed the payout was correct (Stein Dec. ¶¶ 4-5 and Exs. "K"-"L"). There is simply no justification for Plaintiff's failure to file suit until January 2008. Accordingly, his claim is time barred and Defendants' motion should be granted. Goldhor, 201 Cal. App. 3d at 406-07.

In correspondence with counsel for SDG&E, Plaintiff's counsel claimed that Johnson v. Henderson, 314 F.3d 409 (9th Cir. 2002), supports his contention that filing a claim with the Labor Commission tolls the statute of limitations. Not so. In Johnson, the Ninth Circuit affirmed the district court's order granting the employer summary judgment on the plaintiff's sexual harassment claim on the ground that she failed to timely exhaust her administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission. Id. at 417. There is no requirement that employees exhaust their administrative remedies prior to filing suit for unpaid wages. Goldhor, 201 Cal. App. 3d at 406-07 ("[N]o statute makes exhaustion of such remedy a condition of the right to sue"). Further, there is no legal authority for Plaintiff's contention

that filing a Labor Commissioner claim tolls the statute of limitations on a Labor Code claim. Plaintiff's election to pursue his administrative remedies provided him with both a full and fair remedy for his alleged injury and access to the Court system through the appeals process. This suit appears to be an attempt to get a second bite at the apple. Equity does not countenance such a result. Therefore, Defendants' motion should be granted.

## IV. <u>CONCLUSION</u>

For the reasons set forth above, Defendants respectfully submit that Plaintiff's claims are barred by the applicable statutes of limitation, and there is no basis for equitable tolling of the statutes. On this basis, Defendants request that summary judgment be granted with respect to the first and second claims for relief in Plaintiff's Complaint.

DATE: August 18, 2008 GREEN & HUMBERT

By: **/s/ Horace W. Green**
HORACE W. GREEN

Attorneys for Defendants
SAN DIEGO GAS & ELECTRIC
COMPANY and SEMPRA ENERGY

# PROOF OF SERVICE

**Mark Brownell v. San Diego Gas & Electric Company; SEMPRA Energy**
**U.S.D.C. Southern District of California Case No.: 08 CV 53 DMS (BLM)**

I, Zhong Lei, declare:

I am a citizen of the United States of America, am over the age of eighteen (18) years, and not a party to the within action. My business address is Green & Humbert, 220 Montgomery Street, Suite 438, San Francisco, CA 94104.

On **August 18, 2008**, I caused to be served the **Defendants' Memorandum of Points and Authorities in support of Motion for Summary Judgment on Statute of Limitations Grounds** on all interested parties through their attorneys of record by placing a true and correct copy thereof addressed as follows:

**Attorneys for Plaintiff:**

Donald A. Green
DOAN LAW FIRM LLP
2850 Pio Pico Drive
Carlsbad, CA 92008

By Electronic filing and service via CM/ECF; I transmitted a true copy of the above entitled documents to CM/ECF on August 18, 2008. I caused all of the above-entitled documents to be sent to the recipients noted via CM/ECF e-service at the recipients' office. The file transmission was reported as complete and a copy of the CM/ECF filing receipt page will be maintained with the original documents in my office.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on **August 18, 2008** at San Francisco, California.

/s/ Zhong Lei
Zhong Lei