Horace W. Green (SBN 115699)
GREEN & HUMBERT
220 Montgomery Street, Suite 438
San Francisco, California 94104
Telephone: (415) 837-5433
Facsimile: (415) 837-0127

Attorneys for Defendants
SAN DIEGO GAS & ELECTRIC COMPANY
and SEMPRA ENERGY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK BROWNELL,<br><br>Plaintiff,<br><br>vs.<br><br>SAN DIEGO GAS & ELECTRIC COMPANY; SEMPRA ENERGY,<br><br>Defendants. | **Case No. 08 CV 53 DMS (BLM)**<br><br>**DECLARATION OF JAMES BOLAND IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON STATUTE OF LIMITATIONS GROUNDS**<br><br>**Hearing Date: October 3, 2008**<br>**Time: 1:30 p.m.**<br>**Ctrm.: 10**<br><br>**HONORABLE DANA M. SABRAW** |

I, James Boland, declare as follows:

1. I am the Director of Labor Relations for Defendant San Diego Gas & Electric Company ("SDG&E") in this action. My job duties include acting as the custodian of personnel records pertaining to current and former represented employees of SDG&E. In this capacity, I have personal knowledge of the facts set forth below, and if called as a witness could and would testify competently thereto.

2. The documents attached as exhibits to this declaration are true and correct copies of documents from San Diego Gas & Electric Company's Labor Relations file pertaining to Plaintiff Mark Brownell. These documents are business records of SDG&E, maintained by the Company as part of its normal business practices. The documents were prepared at or about the times and dates set forth therein.

3. On or around August 12, 1997, Brownell accepted a position as a mechanic in the Gas Operations Department at SDG&E. A true and correct copy of Brownell's Acceptance of Offer Agreement is attached as Exhibit "A" hereto.

4. Upon employment, Brownell became a member of Local 465 of the International Brotherhood of Electrical Workers ("IBEW Local 465"). Accordingly, his employment was governed by the terms of the collective bargaining agreement between SDG&E and IBEW Local 465. The collective bargaining agreement contains a Sick Leave Agreement which provides that employees who are not medically able to return to work after one year of leave will be terminated. A true and correct copy of the Sick Leave Agreement is attached as Exhibit "B" hereto.

5. In June 2003, Brownell went on a leave of absence. SDG&E wrote to Brownell on June 26, 2003 reminding him of the provisions of the Sick Leave Agreement. A true and correct copy of SDG&E's June 26, 2003 letter is attached as Exhibit "C" hereto.

6. In December 2003, Brownell's claim for long term disability benefits was approved and he began receiving benefits at the rate of 60% of his base pay, less applicable offsets (such as social security). Brownell never returned to work, but continues to receive long term disability benefits.

7. In December 2003, Brownell requested that SDG&E pay out his accrued but unused vacation time. SDG&E calculated the value of Brownell's vacation, holiday, sick, and flex time as $3,902.22. Brownell had withholding and deductions of $3,840.19 for taxes, union dues, savings bonds, health care premiums, a wage garnishment, and the like. Accordingly, SDG&E sent him a check for the balance of $62.03 on December 12, 2003. A true and correct copy of the check is attached as Exhibit "D" hereto. True and correct copies of pay records reflecting the basis for the deductions are attached as Exhibit "E" hereto.

8. Per the terms of the Sick Leave Agreement, SDG&E notified Brownell in writing that his employment would terminate effective July 28, 2004 due to his inability to return to work. A true and correct copy of SDG&E's July 28, 2004 letter to Brownell is attached as Exhibit "F" hereto.

9. On or about July 30, 2004, the Company received a letter from IBEW Local 465 disputing the calculation of Mr. Brownell's long-term disability benefits and challenging certain deductions from his benefit checks. A true and correct copy of the July 30, 2004 letter is attached as Exhibit "G" hereto.

10. On August 27, 2004, IBEW Local 465 grieved Mr. Brownell's December 2003 vacation payout and the termination of his medical benefits upon termination of employment. A true and correct copy of the grievance is attached as Exhibit "H" hereto. The Company denied the grievance, and the Union did not pursue arbitration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at San Diego, California on August 13, 2008.

James Boland

# PROOF OF SERVICE

**Mark Brownell v. San Diego Gas & Electric Company; SEMPRA Energy**
**U.S.D.C. Southern District of California Case No.: 08 CV 53 DMS (BLM)**

I, Zhong Lei, declare:

I am a citizen of the United States of America, am over the age of eighteen (18) years, and not a party to the within action. My business address is Green & Humbert, 220 Montgomery Street, Suite 438, San Francisco, CA 94104.

On **August 18, 2008**, I caused to be served the **Declaration of James Boland in support of Defendants' Motion for Summary Judgment on Statute of Limitations Grounds** on all interested parties through their attorneys of record by placing a true and correct copy thereof addressed as follows:

**Attorneys for Plaintiff:**

Donald A. Green
DOAN LAW FIRM LLP
2850 Pio Pico Drive
Carlsbad, CA 92008

By Electronic filing and service via CM/ECF; I transmitted a true copy of the above entitled documents to CM/ECF on August 18, 2008. I caused all of the above-entitled documents to be sent to the recipients noted via CM/ECF e-service at the recipients' office. The file transmission was reported as complete and a copy of the CM/ECF filing receipt page will be maintained with the original documents in my office.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on **August 18, 2008** at San Francisco, California.

/s/ Zhong Lei
Zhong Lei

EXHIBIT "A"

SDGE San Diego Gas & Electric
An Enova Company

Mark Brownell
10225 Althonse Street
Santee, CA 92071

**ACCEPTANCE OF OFFER AGREEMENT**

I accept the offer for the position of CNG Mechanic in Gas Operations Department of the Energy Supply Division at San Diego Gas & Electric Company.

I understand this offer is contingent upon passing a physical examination which includes a drug screen, a security background check, as well as providing verification of authorization to work in the United States.

Additionally, I understand that SDG&E has an at-will employment policy and agree that the employment relationship between SDG&E and me can be terminated with or without cause, at anytime, at the option of either myself or the company.

Signature: [signature]
Mark Brownell

Date: 8-12-97

EXHIBIT "B"

AMENDED AGREEMENT

Between

SAN DIEGO
GAS & ELECTRIC COMPANY

SDG&E®

And

LOCAL UNION 465
INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS

Effective Date — September 1, 2001

Date Executed — November 7, 2001

AMENDED AGREEMENT

Between

SAN DIEGO
GAS & ELECTRIC COMPANY

And

LOCAL UNION 465
INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS

Effective Date – September 1, 2001

Date Executed – November 7, 2001

Example:

Two months leave of absence spanning 44 working days
44/261=17%
17%X80hours=13.6
The employee's current sick leave allowance
would be reduced by 13.5 hours.

**Sick Leave of Absence**

11. A regular employee who will be off work for a pro-longed period without pay due to illness or injury, and who has exhausted all sick leave, vacation benefits, and floating holidays may be granted a Sick Leave of Absence. Such leave shall be equal to the employee's length of service but not to exceed one year. If the employee is unable to return to work at the end of the leave, or if at any time during the leave it becomes conclusive that the employee will be unable to return to work, the employee will be terminated.

**Military Leave**

12. A leave of absence for military duty will not cancel an employee's extended sick leave reserve. Any remaining current sick leave the employee has will be transferred to their extended sick leave reserve in accordance with paragraph 6.

***The company will utilize up to 80 hours per year military leave in calculating Pay For Performance for employees who are on such authorized leave.***

**Illness During Vacation**

13. If an employee becomes seriously ill immediately preceding or during their vacation period and is confined to bed or to a hospital, they may request approval for such time to be charged to their sick leave. Such request (which should be accompanied by a doctor's certificate) shall be submitted promptly and shall require Company approval.



**Holidays During Sickness**

14. Employees who are off without pay on the work days immediately before and after a holiday, will not receive pay for the holiday.

**Additional Vacation Allowance**

15. At the employee's option, between their 62nd and 65th birthdays, additional vacation time will be given and will be charged to the employee's extended sick leave reserve. Such additional vacation will be taken in compliance with the rules governing vacation.

16. This additional vacation allowance shall be the following percentages of the employee's extended sick leave which stand to their credit at the time the additional vacation is started:

(a) Between employee's 62nd and 63rd birthdays — 10%
(b) Between employee's 63rd and 64th birthdays — 10%
(c) Between employee's 64th and 65th birthdays — 20%
(with a guaranteed minimum of 5 days)

17. An employee who elects to retire early, after reaching their 55th birthday and before their 62nd birthday, may receive additional vacation in the year they elect to retire. This additional vacation time will be 10% of the employee's extended sick leave reserve which stands to their credit at the time the additional vacation is started. This additional vacation will serve as terminal leave and therefore can only be taken just prior to and in conjunction with the date the employee has elected to take early retirement. If, for any reason, the employee's early retirement is canceled, the employee must pay back to the Company the cash equivalent of any additional vacation taken prior to the cancellation of the early retirement. (Effective May 30, 1982)



**Protecting the Sick Leave Plan**

18. Disciplinary action will be taken by the Company in any case where it finds abuse. The Company may require a certificate from a physician or other evidence that an illness or injury is bona fide. Excessive time off which interferes with an employee's performance on the job may be cause for dismissal. It is agreed that employees who consistently use up current sick leave allowances are unsatisfactory employees. The Union Agrees to share the responsibility in protecting the sick leave plan from abuses by any of its members, recognizing that the plan is intended to provide pay coverage under situations of actual need outlined in the foregoing paragraphs.

**The Group Health Plan, the Comprehensive Major Medical Plan, the Pension Plan, the Savings Plan and the Dental Plan are covered by separate Agreements between I.B.E.W. Local Union #465 and the San Diego Gas & Electric Company.**

**Summary Plan Descriptions of the above are published by SDG&E in an Information for Employee's booklet.**



# LETTERS OF UNDERSTANDING

## Between

## SAN DIEGO GAS & ELECTRIC

## and

## LOCAL UNION 465

## INTERNATIONAL BROTHERHOOD

## OF ELECTRICAL WORKERS



BRO0245

EXHIBIT "C"

SDGE Southern California Gas Company

Sempra Energy utilities

Disability Management Services
PO Box 30937, GT16CO
Los Angeles, CA 90030-0937

June 26, 2003

Mark Brownell
1695 Pepper Drive
El Cajon, CA 92021

Mr. Brownell,

As a result of your evaluation by Dr. Michael Brague and the review of available medical information, it would appear that you may be permanently disabled from performing your duties as a Mechanic.

You were placed on a Medical Leave of Absence commencing on 6/26/03. The maximum length of your Medical Leave of Absence is determined by a variety of factors in accordance with the disability plan. At such time that you reach the maximum length for you Medical Leave of Absence your benefits and employment with Sempra Energy Utilities may terminate.

Prior to your termination, the Company will work with you to identify a regular job that you are medically qualified to perform. You may apply for union jobs or non-union jobs. I will be sending you information on job opportunities that appear to be appropriate for you as they come up, and you will be assigned a Staffing Advisor who will answer any questions you have about specific job opportunities.

However, finding alternate employment with Sempra Energy Utilities is ultimately your responsibility. Therefore, you are encouraged to visit the union hall for postings and/or call the job hotline at (858) 654-1600.

To assist us in identifying appropriate job opportunities for you, please complete the enclosed Work Skills Inventory and return it to me as soon as possible. We cannot begin to help you in your job search until this is returned. I have enclosed a return envelop for your convenience. Once you have returned the Work Skills Inventory, I will contact you to further assist you in your return to work. If you have any questions, please contact me at (213) 244-3166, or (800) 337-HEAL (ext 4), Team D.

Sincerely,

John Garcia
Rehabilitation Advisor

EXHIBIT "D"

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER

SDG&E Sempra Energy

101 Ash Street, San Diego, CA 92101

PAYROLL CHECK

P

UNION BANK OF CALIFORNIA

908878

| Check No. | Date | Amount |
|---|---|---|
| 30092629 | 12/12/03 | $ 62.03 |

Pay: Sixty-Two and 03/100 Dollars

To The Order Of:

Brownell, Mark S
1695 Pepper Dr.
El Cajon CA 92021

VOID AFTER 90 DAYS

HOLD UP TO LIGHT TO SEE "VERIFY FIRST" WATERMARKED INTO THE PAPER

⑈0030092629⑈ ⑆121000497⑆ 0700492443⑈ ⑈0000006203⑈

MPSC 12-22-03
1010304826
6560191193

EXHIBIT "E"

10814 - Brownell,Mark S (Mark)
01 - San Diego Gas & Electric
885 - Instr Repair & Field Maint
LTD - SDG&E Ret
Terminated 07/29/2004 Reg/FT

Company: 01
Pay Group: U01
Period End: 12/05/2003
Page: 15
Line: 38

Off Cycle: N
Separate Check #: 0
Reprint: N
Adjustment: N

# Paycheck Detail

Paycheck View | Earnings | Taxes | Deductions | Garnishments | Special Accumulators | Distributions

Name: Brownell, Mark S    Confirmed    Check

| Check# | Issue Date | Earnings | Taxes | Deductions | Net Pay |
|---|---|---|---|---|---|
| 30092829 | 12/12/2003 | 1,662.72 | 361.99 | 1,238.70 | 62.03 |

| Deduction | | | Amount | Amount Not Taken/ Calculated Base | Payback Amount/ Refund Amount |
|---|---|---|---|---|---|
| Savings Bonds | | | 19.24 | | |
| BONDS | After-Tax | General | | | |
| Employee Assoc | | | 12.00 | | |
| EMASSN | After-Tax | General | | | |
| Flex Credit-HIST -- PreTax | | | -2,239.50 | | |
| FLEX | Before-Tax | General | | | |
| UnionDues-IBEW BA | | | 40.71 | | |
| IBEWBA | After-Tax | General | | | |

BRO0107

Deductions

10814 - Brownell,Mark S (Mark)
01 - San Diego Gas & Electric
885 - Instr Repair & Field Maint
LTD SDG&E Ret
Terminated 07/29/2004 Reg/FT

Company: 01
Pay Group: U01
Period End: 12/05/2003
Page: 15
Line: 38

Off Cycle: N
Separate Check #: 0
Reprint: N
Adjustment: N

# Paycheck Detail

Paycheck View | Earnings | Taxes | Deductions | Garnishments | Special Accumulators | Distributions

Name: Brownell,Mark S Confirmed Check

| Check# | Issue Date | Earnings | Taxes | Deductions | Net Pay |
|---|---|---|---|---|---|
| 30092529 | 12/12/2003 | 1,662.72 | 361.99 | 1,238.70 | 62.03 |

| Deduction | | | | Amount | Amount Not Taken/ Calculated Base | Payback Amount/ Refund Amount |
|---|---|---|---|---|---|---|
| WageAssgnSup-HIST | | | | 63.50 | | |
| | WAGASN | After-Tax | General | | | |
| Medical | PreTax | | | 2,373.03 | | |
| CNVMED | MED | Before-Tax | Medical | | | |
| Dental | PreTax | | | 139.59 | | |
| CNVDEN | DEN | Before-Tax | Dental | | | |
| Vision | PreTax | | | 75.79 | | |
| CNVVIS | VIS | Before-Tax | Vision | | | |

BRO0108

| | | | |
|---|---|---|---|
| 10814 - Brownell,Mark S (Mark) | Company: 01 | Off Cycle: N | |
| 01 - San Diego Gas & Electric | Pay Group: L01 | Separate Check #: 0 | |
| 885 - Instr Repair & Field Maint | Period End: 12/05/2003 | Reprint: N | |
| LTD - SDG&E Ret | Page: 15 | Adjustment: N | |
| Terminated 07/29/2004 Reg/FT | Line: 38 | | |

# Paycheck Detail

Paycheck View | Earnings | Taxes | Deductions | Garnishments | Special Accumulators | Distributions

Name: Brownell, Mark S  Confirmed  Check

| Check# | Issue Date | Earnings | Taxes | Deductions | Net Pay |
|---|---|---|---|---|---|
| 30092629 | 12/12/2003 | 1,662.72 | 361.99 | 1,238.70 | 62.03 |

| Deduction | | | | Amount | Amount Not Taken/ Calculated Base | Payback Amount/ Refund Amount |
|---|---|---|---|---|---|---|
| Basic Life | PreTax | | | 333.72 | | |
| CNVLIF | LIFE | Before-Tax | Basic Life | | | |
| Basic Life | PreTax | | | 27.60 | (Imputed item only) | |
| CNVLIF | LIFE | Taxable | Basic Life | | | |
| AD&D | PreTax | | | 24.73 | | |
| CNVBAD | ADD | Before-Tax | Basic AD&D | | | |
| Spouse Life | | | | 302.50 | | |
| CNVSLF | SLIFE | After-Tax | SpouseLife | | | |

BRO0109

Name: Brownell, Mark S Confirmed Check

| Check# | Issue Date | Earnings | Taxes | Deductions | Net Pay |
|---|---|---|---|---|---|
| 30092629 | 12/12/2003 | 1,662.72 | 361.99 | 1,238.70 | 62.03 |

| Deduction | | | | Amount | Amount Not Taken/ Calculated Base | Payback Amount/ Refund Amount |
|---|---|---|---|---|---|---|
| Basic Life | - PreTax | | | 27.60 | | |
| CNVLIF | LIFE | Taxable | Basic Life | | | |
| AD&D | - PreTax | | | 24.73 | | |
| CNVBAD | ADD | Before-Tax | Basic AD&D | | | |
| Spouse Life | | | | 302.50 | | |
| CNVSLF | SLIFE | After-Tax | SpouseLife | | | |
| LTD | - PreTax | | | 93.39 | | |
| CNVLTD | LTD | Before-Tax | LTD | | | |

clerp copy see previous page

BRO0110

EXHIBIT "F"

SDGE

A Sempra Energy utility

San Diego Gas & Electric
PO Box 129831
San Diego, CA 92112-9831

July 28, 2004

CERTIFIED MAIL/RETURN RECEIPT REQUESTED and U.S. Mail

Mr. Mark Steven Brownell
1695 Pepper Drive
El Cajon, CA 92021

Dear Mr. Brownell:

As you are aware, you have been off work for an extended period of time. Our understanding is that you have been unable to return to your former position and that you were unable to secure an alternative position for which you are qualified within the time period afforded you by the collective bargaining agreement. Given this, your employment with SDG&E is terminated effective July 28, 2004.

Any applicable benefit information, for which you may be eligible, is detailed below:

*Medical, Dental & Vision*
You may be able to continue this coverage for up to 18 months under COBRA. The appropriate paperwork including the rates and application will be sent to you, if applicable, within 31 days by the third party administrator, COBRASERV. If you have any questions regarding your COBRA rights or benefits, please contact COBRASERVE at 1-800-877-7994.

*Savings Plan & Pension Plan*
If applicable, you may receive information from Employee Benefits at Sempra Energy in the next several weeks regarding payout options.

If you have any questions regarding your benefits, you may contact Employee Benefits at Sempra Energy at 619-696-4900.

Sincerely,

Steven E. Williamson
Sr. Labor Relations Advisor

SEW:do

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mark Steven Brownell
1695 Pepper Drive
El Cajon, CA 92021

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery 8-4-4

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7002 0860 0002 3375 5488

PS Form 3811, August 2001 Domestic Return Receipt 102595-02-M-1035

BRO0114

EXHIBIT "G"

Local Union 465

229 W. WASHINGTON STREET, SAN DIEGO, CALIFORNIA 92103-1997 • (619) 297-2875

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS....AFL-CIO

July 30, 2004

Diana Wettig
Sempra Energy Benefits Center
101 Ash Street
San Diego, CA 92101-3017

Re: **Mark Brownell**

Dear Ms. Wettig:

The Union is writing to you with regard to our member Mark Brownell, who is currently attempting to receive his disability payments from the Company. After a perusal of the documents that you forwarded to Mr. Brownell, the deductions that routinely "zero out" his paychecks are incorrect, unauthorized and also inexplicably different each week. Mr. Brownell and his spouse have been more than patient with receiving explanations from your department over the past several weeks, and they have yet to receive an explanation as to why these deductions change each week. As one example, Mr. Brownell has a wage assignment that should total $62.50 a pay period. Yet, on his check dated 7/23/04, the wage assignment is $79.10. This differs still from the check dated 6/11/04, which has a wage assignment of $66.70. This is just one example of the differences that occur in deductions each week. payroll

Additionally, it must be noted that Mr. Brownell has not authorized these deductions. According to the Company's own policy as outlined in its Summary Plan Description on page 19: "If your disability occurred on or after January 1, 2000 and you are no longer receiving a paycheck, you will be billed monthly for your share of the cost." Moreover, payroll deductions must be authorized in writing by the employee according to the California Labor Code (§ 221, 224.) Otherwise the employee must be billed for such deductions. I have attached an explanation of these laws produced by the Division of Labor Standards Enforcement. Additionally, that same Labor Code provides that paychecks must list itemized deductions correctly, and that does not appear to have been done in Mr. Brownell's case.

Should the Company fail to correct Mr. Brownell's deductions, he will have no other choice but to file with the state Division of Labor Standards En-

BRO0120

forcement in order to obtain his wages that are due to him through the Company's disability plan. I would encourage you or one of your associates to contact him in order to resolve the issue prior to further action taking place. Should you have any questions regarding this matter, please do not hesitate to give me a call.

Sincerely,

Jerry Fecher
Business Representative

cc: Mark Brownell

Enclosure

BRO0121

STATE OF CALIFORNIA — ARNOLD SCHWARZENEGGER, Governor

DEPARTMENT OF INDUSTRIAL RELATIONS
DIVISION OF LABOR STANDARDS ENFORCEMENT

## PAYROLL DEDUCTIONS AND OFFSETS AGAINST WAGES

An employer can lawfully withhold amounts from an employee's wages only when: (1) required or empowered to do so by state or federal law; (2) when a deduction is expressly authorized in writing by the employee to cover insurance premiums, benefit plan contributions or other deductions not amounting to a rebate on the employee's wages; or (3) when a deduction to cover health, welfare or pension contributions is expressly authorized by a wage or collective bargaining agreement. (Labor Code §§ 221, 224) Although a wage garnishment is a lawful deduction from wages under Labor Code § 224, an employer cannot discharge an employee because a garnishment of wages has been threatened or if the employee's wages have been subjected to garnishment for the payment of one judgment. (Labor Code § 2929(a))

The ability of employers to deduct amounts from an employee's wages due to cash shortage, breakage, or loss of equipment is specifically regulated by the Industrial Welfare Commission Orders and limited by court decisions (*Kerr's Catering v. Department of Industrial Relations* (1962) 56 Cal.2d 319). In addition, there have been several court decisions that significantly restrict an employer's ability to take ~~an offset against~~ an employee's wages: (See *Barnhill v. Sanders* (1981) 125 Cal.App.3d 1 Balloon payment on separation of employment to repay employee's debt to employer is an unlawful deduction even where the employee authorized such payment in writing); *CSEA v. State of California* (1988) 198 Cal.App.3d 374 (Unlawful to deduct from current payroll for past salary advances that were in error); *Hudgins v. Nieman Marcus* (1995) 34 Cal.App.4th 1109 (Deductions for unidentified returns from commission sales unlawful.)

Other payroll deductions that are unlawful include:

Gratuities: An employer cannot collect, take, or receive any gratuity given or left for an employee, or deduct any amount from wages due an employee on account of a gratuity given or left for an employee. (Labor Code § 351) However, a restaurant may have a policy allowing for tip pooling among employees who provide direct table service to customers. (*Leighton v. Old Heidelberg, Ltd.* (1990) 219 Cal.App.3d 1062)

Photographs: If an employer requires a photograph of an applicant or employee, the employer must pay the cost of the photograph. (Labor Code § 401)

Bond: If an employer requires a bond of an applicant or employee, the employer must pay the cost of the bond. (Labor Code § 401)

Uniforms: If an employer requires a uniform to be worn by an employee, the employer must pay the cost of the uniform. (See appropriate IWC Order and Labor Code § 2802)

Expenses: An employee is entitled to be reimbursed by his or her employer for expenses or losses incurred in direct consequence of the discharge of the employee's work duties. (Labor Code § 2802)

Medical Record: An employer cannot require an employee or applicant to pay for a medical examination or deduct from an employee's wages the cost of a medical examination taken as a condition of employment or required by any state or federal law. (Labor Code § 222.5)

Revised 7/2002

BRO0122

EXHIBIT "H"

Local Union 465

229 W. WASHINGTON STREET, SAN DIEGO, CALIFORNIA 92103-1997 • (619) 297-2875

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS....AFL-CIO

RECEIVED
AUG 31 2004

August 27, 2004

Mr. Steve Williamson
Labor Relations Advisor
San Diego Gas & Electric
8306 Century Park Court #41A
San Diego, CA. 92123

Re: Grievance #2700

Dear Mr. Williamson:

Enclosed you will find a copy of the above-referenced grievance. Due to the nature of this grievance, I am requesting a meeting at the third step of the grievance procedure, in accordance with Article IX, Section 2 of the Amended Agreement

Please contact Cindy Nelson at this office to schedule a mutually convenient meeting date and time.

Sincerely,

Jerry Fecher
Business Representative

JF/cn

Encl.

BRO0123

# Grievance Form

IBEW LOCAL UNION 465
229 W. Washington Street
San Diego, CA 92103-1997

**Statement of Grievant:**
The Company has denied me vacation benefits and made unauthorized and incorrect deductions to my paychecks during my period of disability. They also denied me continuation of medical benefits despite my being on the Company's long-term disability. By this grievance, I request to be made whole for all funds owed to me, and that my medical benefits are restored.

— wage assignments

**Article:** I **Section:** 4
**Group Health Plan** **Page:** 3 **Signed:** Mark Brownell
**Page:** 115
**Any and all other provisions of the Collective Bargaining Agreement that may apply including Letters of Understanding, Past Practice, and any other agreements between the parties, written or otherwise.**
**Grievance:** 2700 **Company:** SDG&E **Date:** 8/27/04 **Taken by:** Jerry Fecher

**Step 1: Comments and Summary from first-step meeting:**

See step two.

**Settled: Yes:** **No:** **Signature:**

**Step 2: Comments and Summary from second-step meeting:**

**Settled: Yes:** **No:** **Signature:**

**Step 3: Comments and Summary from third-step meeting:**

**Settled: Yes:** **No:** **Signature:**

**Step 4: Federal Mediation or State Conciliation meeting:**

**Settled: Yes:** **No:** **Signature:**

**Executive Board authority to proceed to arbitration:**

**Yes:** **No:** **Date:**

# Grievance Form

**IBEW LOCAL UNION 465**
**229 W. Washington Street**
**San Diego, CA 92103-1997**

**Statement of Grievant:**
The Company has denied me vacation benefits and made unauthorized and incorrect deductions to my paychecks during my period of disability. They also denied me continuation of medical benefits despite my being on the Company's long-term disability. By this grievance, I request to be made whole for all funds owed to me, and that my medical benefits are restored.

**Article:** I **Section:** 4 **Page:** 3 **Signed:** Mark Brownell
**Group Health Plan** **Page:** 115
**Any and all other provisions of the Collective Bargaining Agreement that may apply including Letters of Understanding, Past Practice, and any other agreements between the parties, written or otherwise.**
**Grievance:** 2700 **Company:** SDG&E **Date:** 8/27/04 **Taken by:** Jerry Fecher

---

**Step 1: Comments and Summary from first-step meeting:**

See step two.

**Settled: Yes:** **No:** **Signature:**

---

**Step 2: Comments and Summary from second-step meeting:**

**Settled: Yes:** **No:** **Signature:**

---

**Step 3: Comments and Summary from third-step meeting:**

**Settled: Yes:** **No:** **Signature:**

---

**Step 4: Federal Mediation or State Conciliation meeting:**

**Settled: Yes:** **No:** **Signature:**

---

**Executive Board authority to proceed to arbitration:**

**Yes:** **No:** **Date:**

---