Horace W. Green (SBN 115699)
GREEN & HUMBERT
220 Montgomery Street, Suite 438
San Francisco, California 94104
Telephone: (415) 837-5433
Facsimile: (415) 837-0127

Attorneys for Defendants
SAN DIEGO GAS & ELECTRIC COMPANY
and SEMPRA ENERGY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK BROWNELL,<br><br>Plaintiff,<br><br>vs.<br><br>SAN DIEGO GAS & ELECTRIC COMPANY; SEMPRA ENERGY,<br><br>Defendants. | **Case No. 08 CV 53 DMS (BLM)**<br><br>**DECLARATION OF LARRY STEIN IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON STATUTE OF LIMITATIONS GROUNDS**<br><br>**Hearing Date: October 3, 2008**<br>**Time: 1:30 p.m.**<br>**Ctrm.: 10**<br><br>**HONORABLE DANA M. SABRAW** |

I, Larry Stein, declare as follows:

1. I am an attorney duly licensed to practice before this Honorable Court, a Senior Counsel in the Office of the General Counsel for Defendant Sempra Energy, the parent of San Diego Gas & Electric Company ("SDG&E"), and the Secretary of the Sempra Energy Benefits Committee. I have personal knowledge of the facts set forth below, and if called as a witness could and would testify competently thereto.

2. On or about October 4, 2004, the Sempra Energy Benefits Committee received a letter from Jerry Fecher, Business Representative, International Brotherhood of Electrical Workers, AFL-CIO, Local 465, appealing the denial of Mark Brownell's claim for continued health and welfare benefits and the deduction of premium arrears from Mr. Brownell's final paycheck. A true and correct copy of the appeal is attached as Exhibit "I" hereto.

3. By letter dated December 7, 2004, I notified Mr. Brownell on behalf of the Benefits Committee that his appeal was denied. A true and correct copy of my December 7, 2004 letter is attached as Exhibit "J" hereto.

4. On or around June 1, 2005, SDG&E received a letter from Mr. Brownell's current attorney, Donald A. Green, in which he disputes the same issues that were before the Benefits Committee, including Mr. Brownell's vacation payout and the termination of his medical benefits due to his termination. Mr. Green enclosed a Designation of Counsel form executed by Mr. Brownell on April 4, 2004. A true and correct copy of the July 1, 2005 letter and enclosed Designation of Counsel form is attached as Exhibit "K" hereto.

5. I responded to Mr. Green's letter on behalf of SDG&E in writing on July 21, 2005, reiterating that Mr. Brownell was not entitled to additional payments or benefits and enclosing a copy of my December 7, 2004 letter to Mr. Brownell(Exhibit "J", supra). A true and correct copy of my July 21, 2005 letter is attached as Exhibit "L" hereto.

6. On or around September 29, 2005, I received another letter from Mr. Green requesting that I confirm on behalf of SDG&E that Mr. Brownell had exhausted whatever

administrative remedies he might have. A true and correct copy of this letter is attached as Exhibit "M" hereto.

7. I responded to Mr. Green by letter dated October 3, 2005, once again confirming the Company's belief that Mr. Brownell had received all benefits and pay to which he was entitled. A true and correct copy of my October 3, 2005 letter is attached as Exhibit "N" hereto.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Los Angeles, California on August 13, 2008.

Larry Stein

# PROOF OF SERVICE

**Mark Brownell v. San Diego Gas & Electric Company; SEMPRA Energy**
**U.S.D.C. Southern District of California Case No.: 08 CV 53 DMS (BLM)**

I, Zhong Lei, declare:

I am a citizen of the United States of America, am over the age of eighteen (18) years, and not a party to the within action. My business address is Green & Humbert, 220 Montgomery Street, Suite 438, San Francisco, CA 94104.

On **August 18, 2008**, I caused to be served the **Declaration of Larry Stein in support of Defendants' Motion for Summary Judgment on Statute of Limitations Grounds** on all interested parties through their attorneys of record by placing a true and correct copy thereof addressed as follows:

**Attorneys for Plaintiff:**

Donald A. Green
DOAN LAW FIRM LLP
2850 Pio Pico Drive
Carlsbad, CA 92008

By Electronic filing and service via CM/ECF; I transmitted a true copy of the above entitled documents to CM/ECF on August 18, 2008. I caused all of the above-entitled documents to be sent to the recipients noted via CM/ECF e-service at the recipients' office. The file transmission was reported as complete and a copy of the CM/ECF filing receipt page will be maintained with the original documents in my office.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on **August 18, 2008** at San Francisco, California.

/s/ Zhong Lei
Zhong Lei

EXHIBIT "I"

Local Union 465

7444 Trade Street • San Diego, California 92121-3413 • (858) 536-7444

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS....AFL-CIO

Monday 4 October 2004

Toni Sepulveda
Benefits Appeals Committee
Sempra Energy
101 Ash Street, HQ04D
San Diego, CA 92101

**Re: Mark Brownell Appeal**

Dear Ms. Sepulveda:

The Union is writing on behalf of Mark Brownell, our former member who is now currently out on long-term disability. Mr. Steven Williamson of San Diego Gas & Electric Company's Labor Relations Department referred the following matter to your department within the last two weeks. Mr. Brownell received a letter from the Company on July 30, 2004 that all of his medical benefits would cease effective August 1, 2004, and that the only method by which he could continue to receive said benefits would be to find the complete amount pursuant to the COBRA statute. Mr. Brownell was in the hospital at the time the Company sent him the COBRA notification, and he did not receive the notification until August 4, 2004. While in particular, Mr. Brownell takes exception to the method by which he was informed of this elimination of Pension and Medical benefits, he generally objects to the Company forcing him into paying for his full medical benefits under COBRA while he is on long-term disability.

Under the "Disability" section of the Summary Plan Description, there is a subsection entitled "Continuation of Other Benefits During Disability." In that section, the Company refers to long-term disability benefits as "LTD," and it states "[y]our health care coverage will continue while you are receiving LTD benefits. Your share of the cost will be deducted from your LTD pay. If there are not sufficient funds to collect your premium, you will be billed your share of the cost." Mr. Brownell still remains on long term disability, yet he has to fund the complete amount of his medical benefits.

Moreover, in that same section of the Summary Plan Description, the Company states, "[y]ou will continue to receive employer credits once you begin receiving benefits under the LTD plan." This credit calculation has not continued

either, despite the fact that Mr. Brownell has qualified for, and is currently on, long term disability.

Mr. Brownell also takes exception to the Company's deduction of benefits without his authorization. In the Company's Summary Plan Description, they provide for billing of all deductions that would take place after January 1, 2000. In Mr. Brownell's case, the Company randomly took large deductions from his paychecks without notice to make up for arrears. For months, Mr. Brownell attempted to budget for his expenses on a now limited income, and it became difficult because of the lack of notice and the random deductions that sometimes totaled over $900 a pay period. We ask that the committee investigate this issue as well.

Therefore, Mr. Brownell appeals the Company's action in denying him health care coverage and pension credits, and requests the Company to pay their portion of the premium as they had prior to August 1, 2004. Furthermore, Mr. Brownell requests that the Company restore all credits owed to him under the pension plan. Mr. Brownell also requests reimbursement of all funds paid by him between August 1, 2004 and the present that comprise the difference between the whole premium and the Company's portion of the premium. Should you have any questions regarding this matter, please feel free to direct them to Mr. Brownell at the following address and phone:

Mark Steven Brownell
1695 Pepper Drive
El Cajon, CA 92021
(619) 593-7309

Thank you in advance for your consideration of this appeal.

Sincerely,

Jerry Fecher
Business Representative

cc: Mark Brownell

EXHIBIT "J"

Sempra Energy

Larry I. Stein
Attorney

555 W. Fifth Street, Suite 1400
Los Angeles, CA 90013-1011

Tel: 213.244.2958
Fax: 213.629.9620
lstein@sempra.com

December 7, 2004

Mr. Mark Steven Brownell
1695 Pepper Drive
El Cajon, CA 92021

**RE: Your Appeal for Health Care Coverage & Pension Credits**

Dear Brownell:

Please be advised that your claim of entitlement to Company paid medical and other ancillary benefits during your period of receipt of Long Term Disability Benefits was reviewed by the Benefits Committee on November 19, 2004. Your claim was respectfully denied.

In reaching this decision, the Committee carefully review material presented on your behalf by Mr. Fecher, Business Representative for Local 465 of the IBEW. The Committee reviewed the portions of the Summary Plan Description which he called to it's attention.

However, in reaching it's conclusion, the Committee relied on page 113 of the Collective Bargaining Agreement entitled "Sick Leave of Absence", which provides that an employee will be terminated if unable to return to work within one year.

The Company further relied on portions of the respective Summary Plan Descriptions including the Medical Plan/Summary Plan Description which provide that coverage ceases upon termination of employment. In interpreting plan provisions the Company also took notice of past practice.

This is the final step in the claims procedure. Please review your Summary Plan Description for any further steps or actions you may take.

Very truly yours,

Larry I. Stein
Secretary, Benefits Committee

LIS:sf
Cc: Benefits Committee
Steven Williamson, SDG&E
Jerry Fletcher

LD2D-#155954 v1

BRO0128

EXHIBIT “K”

LAW OFFICES OF
George L. de la Flor
8355 LA MESA BLVD.
LA MESA, CALIFORNIA 91941
(619) 698-2926
Facsimile (619) 698-7540

2005 JUN -7 PM 1:47

June 1, 2005

SDG & E
ATTN: Human Resources
8326 Century Park Court
San Diego, CA 92123-4150

Sempra Energy
101 Ash St., HQ04D
San Diego, CA 92101

**VIA FACSIMILE AND U.S. MAIL ONLY**

**RE: Our Client: Mark Brownell**

To Whom It May Concern:

We have been retained to represent Mark Brownell, your former employee, in his employment related disputes with SDG&E. Mr. Brownell has attempted to resolve these issues informally with SDG&E and through his union liaison, but those efforts have been unsuccessful. He has retained this firm to pursue litigation, if necessary, but to try to resolve the issues still outstanding and in dispute.

The issues that have yet to be resolved are the following:

1. **Long Term Disability.**

   Mr. Brownell was originally on short-term disability for six months, but elected to choose long-term disability instead. Under your plan, his premium for Employee Life Insurance should be waived "for as long as [he] is disabled." *Handbook, Disability* section, pg. 8. Mr. Brownell was therefore to receive an additional $172.00 every two weeks, yet he has never received these amounts.

   Additionally, Mr. Brownell continues to be paid LTD, but the amount paid is incorrect. According to the Disability section in your benefits handbook, Mr. Brownell's payments "will equal 60% of your monthly earnings, paid on a bi-weekly basis ..." Mr. Brownell was paid $25.54 per hour while with SDG&E, but is now only being paid $11.63 per hour, only 45.53% of what he should actually be paid. He should be receiving $15.32 per hour. California Labor Code §§ 201-204 and § 208 govern immediate payment of wages and § 203 provides for waiting time penalties of up to 30 days if not paid timely. Since LTD is part of Mr. Brownell's compensation, Mr. Brownell is owed the amount above-mentioned retroactive to the time it began (i.e. July 2004), and SDG&E is liable for statutory penalties as well. These payments are to continue until Mr. Brownell turns age 65 according to the SDG&E *Maximum Duration of Benefits Table*. See *Disability* section, Benefits Handbook, pg. 14.

BRO0129

2005 JUN -7 PM 1:47

2. **Medical**. According to the benefit plan, Mr. Brownell should have continued health care coverage as long as he is receiving LTD. This includes medical, dental, and vision. Quoting again from the *Disability* section of the handbook, pg. 25, "your health care coverage will continue while you are receiving LTD benefits. Your share of the cost will be deducted from your LTD pay. If there are not sufficient funds to collect your premium, you will be billed for your share of cost."

   On July 30, 2001, a *Notice* was allegedly sent to Mr. Brownell informing him that his health care rights were terminated, effective July 31, 2004, and of his continuation rights under COBRA, to expire August 29, 2004. As a result, Mr. Brownell has been paying for all of his medical since this time, despite continuing to receive LTD.

   Mr. Brownell is incurring medical expenses at the rate of $500 to $600 per month in addition to out-of-pocket expenses for prescriptions, co-payments, and the like. He was and should be paying $123.37 per month out of LTD along with a deduction of $63.50, leaving him with net amount owed of $297.13 (according to your own figures of $484.00, which we believe to be incorrect, for pre-tax benefit dollars).

3. **Unpaid Vacation**. Mr. Brownell has sold vacation time for which he was never compensated. Please provide an accounting of all vacation and sold vacation time to Mr. Brownell, and provide immediate payment for any and all unpaid vacation time.

4. **Employee Life Insurance**. Under your plan, employees can apply for a waiver of Employee Life Insurance premium as long as the employee is disabled, "as long as you comply with instructions from CIGNA." *Handbook*, pg. 8. In a letter dated September 15, 2004, Ena A. Charles of CIGNA Group Insurance wrote "your claim for waiver of premium for your supplemental benefits on your Group Life Insurance Policy has been approved. Your premiums will be waived after the 9 month benefit waiting period ... As of March 6, 2004, your supplemental life insurance amount of $155,000.00 will be continued without further premium payment." SDG&E continues to assess said premium payments from his LTD.

5. **Cash Balance Plan**. The ending balance in Mr Brownell's Company Cash Balance Plan at year end 2004 was $67,997.15. However, Mr. Brownell has received no information on these pension monies despite repeated requests for this information. Under the employee plan, he is to "continue to receive employer credits once [he] begin[s] receiving benefits under the LTD plan ... calculated on [his] base salary just prior to the time [he was to go] on disability." *Handbook, Disability* section, p. 8. Please provide me information on this account, along with a current balance, employer credits before and since Mr. Brownell went and disability, and instructions for Mr. Brownell to receive said monies from his account.

This is Mr. Brownell's final request for reimbursement of all excess monies paid under the aforementioned benefits plan, and continuing payment for future benefits in accordance with said plan. As Mr. Brownell has pressed forward with these claims for some time to no avail, I must hear from you regarding these matters **within 15 days, by Friday, June 17, 2005**. If I do not hear from you by that date, we will have no choice but to pursue these matters to litigation.

Please feel free to contact me should you have any questions or concerns. Thank you for your cooperation and assistance.

Sincerely,

Donald A. Green, Esq. for
Law Offices of George L. de la Flor

DAG/dg
Enclosures

2005 JUN -7 PM 1:47

## DESIGNATION OF COUNSEL

THIS DECLARATION IS TO DESIGNATE THE LAW OFFICES OF GEORGE DE LA FLOR AS MY ATTORNEY AND REPRESENTATIVE WITH RESPECT TO ALL MATTERS ARISING FROM MY EMPLOYMENT AND/OR BENEFITS THEREUNDER. SAID OFFICES HAVE COMPLETE AUTHORITY TO ACT ON MY BEHALF. YOUR COOPERATION WITH MY ATTORNEY IS REQUESTED.

SWORN UNDER PENALTY OF PERJURY THIS 4th DAY OF April, 2005 At LA MESA, CALIFORNIA.

M. B. Brownell

MARK BROWNELL

2005 JUN -7 PM 1:47

EXHIBIT "L"

July 21, 2005

Donald A. Green, Esq.
Law Offices of George L. de la Flor
8355 La Mesa Blvd.
La Mesa, CA 91941

RE: Your Client: Mark Brownell

Dear Mr. Green:

This is in response to your letter dated June 1, 2005.

Attached please find the claim denial dated December 7, 2004 which was sent to your client. This outlines the position of the Plan Fiduciary.

I have forwarded your letter to Employee Benefits to double check the disability benefit calculation. I will also request that they look into vacation pay. It is my understanding that since your client has been terminated, he is no longer entitled to company paid life insurance. As to obtaining information on the Cash Balance Plan your client may contact the Retiree Service Center at 1-800-252-2172 or go-line at https://se.benefitscenter.com.

I hope this resolves your client's issues. Please let me know if you have any further questions.

Very truly yours,

Larry I. Stein

LIS:sf
enclosures
cc: Nancy Schirber
Toni Sepulevda

#167927 v1

EXHIBIT “M”

LAW OFFICES OF
*George L. de la Flor*
8355 LA MESA BLVD.
LA MESA, CALIFORNIA 91941
(619) 698-2926
Facsimile (619) 698-7540

RECEIVED
OCT 0 5 2005
LARRY STEIN

September 29, 2005

Larry Stein, Esq.
Sempra Energy
555 W. Fifth Street, Suite 1400
Los Angeles, CA 90013-1011
FAX: (213) 629-9620

**VIA FACSIMILE AND U.S. MAIL ONLY**

**RE: Our Client: Mark Brownell**

Dear Mr. Stein:

As you are well aware, our office has been retained by your former employee, Mark Brownell, to pursue benefits to which he is entitled from Sempra Energy. I have attempted to resolve these issues with Local Union 465 as well as Sempra Energy, but have had no success.

Mr. Brownell has filed grievances and appeals with Sempra Energy in the past. I am writing to request that you provide me written confirmation that Mr. Brownell has exhausted his administrative remedies regarding these issues. If he has not, I request that you provide me with detailed procedures for completing the administrative process according to Mr. Brownell's benefits plan.

Thank you in advance for your cooperation and professional courtesy in this regard.

Sincerely,

Donald A. Green, Esq. for
Law Offices of George L. de la Flor

DAG/dg

EXHIBIT "N"

October 3, 2005

Donald A. Green, Esq.
Law Offices of George L. de la Flor
8355 La Mesa Blvd.
La Mesa, California 91941

Re: Your Client: Mark Brownell

Dear Mr. Green:

This is in response to your letter dated September 29, 2005. You have previously been provided with December 7, 2004 claim denial with respect to health care coverage and pension credits. That is the final step in the claims procedure as to those issues.

With respect to disability, your contention is that the hourly rate is miscalculated. Employees are paid on a payroll based upon a five-day work week. However, State Disability and Workers' Compensation use a seven-day work week. Therefore, for purposes of integration, it is necessary to express your client's five-day work week in terms of a seven-day work week, which reduces the hourly rate but keeps the weekly pay at the same level.

Please let me know if you have any questions or if I may be of any further assistance.

Very truly yours,

Larry I. Stein

LIS:sf

#171915 v1