Horace W. Green (SBN 115699)
GREEN & HUMBERT
220 Montgomery Street, Suite 438
San Francisco, California 94104
Telephone: (415) 837-5433
Facsimile: (415) 837-0127

Attorneys for Defendants
SAN DIEGO GAS & ELECTRIC COMPANY
and SEMPRA ENERGY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK BROWNELL,<br><br>Plaintiff,<br><br>vs.<br><br>SAN DIEGO GAS & ELECTRIC COMPANY; SEMPRA ENERGY,<br><br>Defendants. | **Case No. 08 CV 53 DMS (BLM)**<br><br>**DECLARATION OF DAWN M. ANDREWS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON STATUTE OF LIMITATIONS GROUNDS**<br><br>**Hearing Date: October 3, 2008**<br>**Time: 1:30 p.m.**<br>**Ctrm.: 10**<br><br>**HONORABLE DANA M. SABRAW** |

I, Dawn M. Andrews, declare as follows:

1. I am an attorney duly licensed to practice before this Honorable Court, and a Senior Litigation Counsel in the Office of the General Counsel for Defendant Sempra Energy, the parent of San Diego Gas & Electric Company ("SDG&E"). In this capacity, I have personal knowledge of the facts set forth below, and if called as a witness could and would testify competently thereto.

2. In January 2008, SDG&E was served with the Summons and Complaint in the above-captioned action. I wrote to Brownell's counsel on February 11, 2008, explaining that Brownell's claims are barred by the applicable statutes of limitation and requesting that he dismiss the Complaint. A true and correct copy of my February 11, 2008 letter is attached as Exhibit "O" hereto.

3. By letter dated March 3, 2008, Brownell's counsel informed me that Brownell would not dismiss the Complaint. Attached hereto as Exhibit "P" is a true and correct copy of Donald Green's March 3, 2008 letter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at San Diego, California on August 12, 2008.

[signature]

Dawn M. Andrews

# PROOF OF SERVICE

**Mark Brownell v. San Diego Gas & Electric Company; SEMPRA Energy**
**U.S.D.C. Southern District of California Case No.: 08 CV 53 DMS (BLM)**

I, Zhong Lei, declare:

I am a citizen of the United States of America, am over the age of eighteen (18) years, and not a party to the within action. My business address is Green & Humbert, 220 Montgomery Street, Suite 438, San Francisco, CA 94104.

On **August 18, 2008**, I caused to be served the **Declaration of Dawn M. Andrews in support of Defendants' Motion for Summary Judgment on Statute of Limitations Grounds** on all interested parties through their attorneys of record by placing a true and correct copy thereof addressed as follows:

**Attorneys for Plaintiff:**

Donald A. Green
DOAN LAW FIRM LLP
2850 Pio Pico Drive
Carlsbad, CA 92008

By Electronic filing and service via CM/ECF; I transmitted a true copy of the above entitled documents to CM/ECF on August 18, 2008. I caused all of the above-entitled documents to be sent to the recipients noted via CM/ECF e-service at the recipients' office. The file transmission was reported as complete and a copy of the CM/ECF filing receipt page will be maintained with the original documents in my office.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on **August 18, 2008** at San Francisco, California.

/s/ Zhong Lei
Zhong Lei

**EXHIBIT "O"**

Sempra Energy®

Dawn M. Andrews
Senior Litigation Counsel
101 Ash Street, 11th Floor
San Diego, CA 92101
Tel: 619-699-5034
Fax: 619-696-4838
dandrews@sempra.com

February 11, 2008

Via Facsimile & U.S. Mail

Donald A. Green, Esq.
Doan Law Firm
2850 Pio Pico Dr., Suite D
Carlsbad, CA 92008

Re: Brownell v. San Diego Gas & Electric Company, et al.;
USDC Southern District Case Number 08-CV-0053 DMS BLM

Dear Mr. Green:

I am writing to request that Mr. Brownell dismiss his complaint in the above-referenced matter on the grounds that both of his claims are barred by the applicable statutes of limitation. I am hopeful that we can resolve this issue informally.

The ERISA Section 510 Claim.

Mr. Brownell's first claim alleges wrongful termination in violation of ERISA Section 510, 29 U.S.C. § 1140. Section 510 of ERISA does not contain a statute of limitations. Accordingly, courts apply the most analogous state law limitations period. Burrey v. Pacific Gas and Electric Company, 159 F.3d 388, 396 (9th Cir. 1998). The Ninth Circuit has held that "the most analogous state law claim would be wrongful termination against public policy or retaliatory discharge." Id. Accordingly, a two year statute of limitations applies. Cal. Civ. Proc. Code § 335.1.

As you are aware, Mr. Brownell's employment was terminated on July 28, 2004. See the July 28, 2004 Termination Letter and your June 1, 2005 letter to SDG&E regarding Mr. Brownell's termination, copies of which are enclosed for your reference. Mr. Brownell's complaint was filed over three and a half years later, on January 9, 2008. Accordingly, it appears that Mr. Brownell's claim is time-barred. See Burrey, 159 F.3d at 397. If you disagree, please provide me with the factual and/or legal basis for your belief that the claim is not time-barred.

The California Labor Code Section 201 Claim.

Mr. Brownell's second claim alleges failure to pay wages in violation of California Labor Code Section 201. Wage claims are governed by a three-year statute of limitations. Cal. Civ. Proc. Code § 338(a) ("An action upon a liability created by statute, other than a penalty or forfeiture").

Mr. Brownell's unused vacation was cashed out on December 12, 2003. See Earnings Detail and Cancelled Check, copies of which are enclosed for your convenience. The complaint was filed more than four years later, on January 9, 2008. Accordingly, Mr. Brownell's Labor Code claim also appears to be time-barred. If you disagree, please provide me with the factual and/or legal basis for your belief that the claim is not time-barred.

---

I hope that with the benefit of the enclosures and the authorities cited above, Mr. Brownell will agree to dismiss his complaint as requested. Please be advised that pursuing a complaint barred by the statute of limitations is sanctionable under Rule 11. Mir v. Little Company of Mary Hospital, 844 F.2d 646, 653 (9th Cir. 1988).

In light of the impending deadline for San Diego Gas & Electric and Sempra Energy to respond to the complaint, please let me know whether you will dismiss the complaint by no later than Monday, March 3, 2008.

Very truly yours,

Dawn M. Andrews

DMA/sma
Enclosures

SDGE

A Sempra Energy utility

RECEIVED WORKERS COMPENSATION 2004 JUL 29 PM 1:46

San Diego Gas & Electric
PO Box 129831
San Diego, CA 92112-9831

July 28, 2004

CERTIFIED MAIL/RETURN RECEIPT REQUESTED and U.S. Mail

Mr. Mark Steven Brownell
1695 Pepper Drive
El Cajon, CA 92021

Dear Mr. Brownell:

As you are aware, you have been off work for an extended period of time. Our understanding is that you have been unable to return to your former position and that you were unable to secure an alternative position for which you are qualified within the time period afforded you by the collective bargaining agreement. Given this, your employment with SDG&E is terminated effective July 28, 2004.

Any applicable benefit information, for which you may be eligible, is detailed below:

*Medical, Dental & Vision*
You may be able to continue this coverage for up to 18 months under COBRA. The appropriate paperwork including the rates and application will be sent to you, if applicable, within 31 days by the third party administrator, COBRASERV. If you have any questions regarding your COBRA rights or benefits, please contact COBRASERVE at 1-800-877-7994.

*Savings Plan & Pension Plan*
If applicable, you may receive information from Employee Benefits at Sempra Energy in the next several weeks regarding payout options.

If you have any questions regarding your benefits, you may contact Employee Benefits at Sempra Energy at 619-696-4900.

Sincerely,

Steven E. Williamson
Sr. Labor Relations Advisor

SEW:dc

LAW OFFICES OF
George L. de la Flor
8355 LA MESA BLVD.
LA MESA, CALIFORNIA 91941
(619) 698-2926
Facsimile (619) 698-7540

2005 ... -7 PM 1:1?

June 1, 2005

SDG & E
ATTN: Human Resources
8326 Century Park Court
San Diego, CA 92123-4150

Sempra Energy
101 Ash St., HQ04D
San Diego, CA 92101

**VIA FACSIMILE AND U.S. MAIL ONLY**

**RE: Our Client: Mark Brownell**

To Whom It May Concern:

We have been retained to represent Mark Brownell, your former employee, in his employment related disputes with SDG&E. Mr. Brownell has attempted to resolve these issues informally with SDG&E and through his union liaison, but those efforts have been unsuccessful. He has retained this firm to pursue litigation, if necessary, but to try to resolve the issues still outstanding and in dispute.

The issues that have yet to be resolved are the following:

1. **Long Term Disability**

Mr. Brownell was originally on short-term disability for six months, but elected to choose long-term disability instead. Under your plan, his premium for Employee Life Insurance should be waived "for as long as [he] is disabled." *Handbook, Disability* section, pg. 8. Mr. Brownell was therefore to receive an additional $172.00 every two weeks, yet he has never received these amounts.

Additionally, Mr. Brownell continues to be paid LTD, but the amount paid is incorrect. According to the Disability section in your benefits handbook, Mr. Brownell's payments "will equal 60% of your monthly earnings, paid on a bi-weekly basis ..." Mr. Brownell was paid $25.54 per hour while with SDG&E, but is now only being paid $11.63 per hour, only 45.53% of what he should actually be paid. He should be receiving $15.32 per hour. California Labor Code §§ 201-204 and § 208 govern immediate payment of wages and § 203 provides for waiting time penalties of up to 30 days if not paid timely. Since LTD is part of Mr. Brownell's compensation, Mr. Brownell is owed the amount above-mentioned retroactive to the time it began (i.e. July 2004), and SDG&E is liable for statutory penalties as well. These payments are to continue until Mr. Brownell turns age 65 according to the SDG&E *Maximum Duration of Benefits Table*. See *Disability* section, Benefits Handbook, pg. 14.

2005 JUN -7 PM 1:47

2. **Medical**. According to the benefit plan, Mr. Brownell should have continued health care coverage as long as he is receiving LTD. This includes medical, dental, and vision. Quoting again from the *Disability* section of the handbook, pg. 25, "your health care coverage will continue while you are receiving LTD benefits. Your share of the cost will be deducted from your LTD pay. If there are not sufficient funds to collect your premium, you will be billed for your share of cost."

   On July 30, 2001, a *Notice* was allegedly sent to Mr. Brownell informing him that his health care rights were terminated, effective July 31, 2004, and of his continuation rights under COBRA, to expire August 29, 2004. As a result, Mr. Brownell has been paying for all of his medical since this time, despite continuing to receive LTD.

   Mr. Brownell is incurring medical expenses at the rate of $500 to $600 per month in addition to out-of-pocket expenses for prescriptions, co-payments, and the like. He was and should be paying $123.37 per month out of LTD along with a deduction of $63.50, leaving him with net amount owed of $297.13 (according to your own figures of $484.00, which we believe to be incorrect, for pre-tax benefit dollars).

3. **Unpaid Vacation**. Mr. Brownell has sold vacation time for which he was never compensated. Please provide an accounting of all vacation and sold vacation time to Mr. Brownell, and provide immediate payment for any and all unpaid vacation time.

4. **Employee Life Insurance**. Under your plan, employees can apply for a waiver of Employee Life Insurance premium as long as the employee is disabled, "as long as you comply with instructions from CIGNA." *Handbook*, pg. 8. In a letter dated September 15, 2004, Ena A. Charles of CIGNA Group Insurance wrote "your claim for waiver of premium for your supplemental benefits on your Group Life Insurance Policy has been approved. Your premiums will be waived after the 9 month benefit waiting period ... As of March 6, 2004, your supplemental life insurance amount of $155,000.00 will be continued without further premium payment." SDG&E continues to assess said premium payments from his LTD.

5. **Cash Balance Plan**. The ending balance in Mr Brownell's Company Cash Balance Plan at year end 2004 was $67,997.15. However, Mr. Brownell has received no information on these pension monies despite repeated requests for this information. Under the employee plan, he is to "continue to receive employer credits once [he] begin[s] receiving benefits under the LTD plan ... calculated on [his] base salary just prior to the time [he was to go] on disability." *Handbook, Disability* section, p. 8. Please provide me information on this account, along with a current balance, employer credits before and since Mr. Brownell went and disability, and instructions for Mr. Brownell to receive said monies from his account.

This is Mr. Brownell's final request for reimbursement of all excess monies paid under the aforementioned benefits plan, and continuing payment for future benefits in accordance with said plan. As Mr. Brownell has pressed forward with these claims for some time to no avail, I must hear from you regarding these matters **within 15 days, by Friday, June 17, 2005**. If I do not hear from you by that date, we will have no choice but to pursue these matters to litigation.

Please feel free to contact me should you have any questions or concerns. Thank you for your cooperation and assistance.

Sincerely,

Donald A. Green, Esq. for
Law Offices of George L. de la Flor

DAG/dg
Enclosures

2005 JUN -7 PM 1:47

# DESIGNATION OF COUNSEL

THIS DECLARATION IS TO DESIGNATE THE LAW OFFICES OF GEORGE DE LA FLOR AS MY ATTORNEY AND REPRESENTATIVE WITH RESPECT TO ALL MATTERS ARISING FROM MY EMPLOYMENT AND/OR BENEFITS THEREUNDER. SAID OFFICES HAVE COMPLETE AUTHORITY TO ACT ON MY BEHALF. YOUR COOPERATION WITH MY ATTORNEY IS REQUESTED.

SWORN UNDER PENALTY OF PERJURY THIS 4th DAY OF April, 2005 At LA MESA, CALIFORNIA.

M.B. Brownell

MARK BROWNELL

2005 JUN -7 PM 1:47

File Table PDS Window Help

Earnings Detail

Employee Name: Brownell, Mark S

Check Number: 9030092529

| Earnings ID | Description | Hours | Amount | Date | Charge No | Job ID | Rate | Pay Period Ending Date |
|---|---|---|---|---|---|---|---|---|
| | | | | | | 03651 | 29.6400 | 2003-12-05 |
| BI | TIME OFF - ILLNES | 8.00 | 0.00 | 12/01/2003 | | 03651 | 25.5400 | 2003-12-05 |
| BI | TIME OFF - ILLNES | 8.00 | 0.00 | 11/26/2003 | | 03651 | 25.5400 | 2003-12-05 |
| BI | TIME OFF - ILLNES | 8.00 | 0.00 | 11/25/2003 | | 03651 | 25.5400 | 2003-12-05 |
| BI | TIME OFF - ILLNES | 8.00 | 0.00 | 11/24/2003 | | 03651 | 25.5400 | 2003-12-05 |
| DF | DISABILITY | 8.00 | 93.04 | 12/03/2003 | | 03651 | 11.6300 | 2003-12-05 |
| DF | DISABILITY | 8.00 | 93.04 | 12/02/2003 | | 03651 | 11.6300 | 2003-12-05 |
| DF | DISABILITY | 8.00 | 93.04 | 12/05/2003 | | 03651 | 11.6300 | 2003-12-05 |
| DF | DISABILITY | 8.00 | 93.04 | 12/04/2003 | | 03651 | 11.6300 | 2003-12-05 |
| 01 | SDI REDUCTION | 0.00 | -344.00 | 12/05/2003 | | 03651 | 344.0000 | 2003-12-05 |
| HN | HOLIDAY INELIGIB | 8.00 | 0.00 | 11/28/2003 | | 03651 | 25.5400 | 2003-12-05 |
| HN | HOLIDAY INELIGIB | 8.00 | 0.00 | 11/27/2003 | | 03651 | 25.5400 | 2003-12-05 |
| V3 | SOLD VACATION | 64.00 | 1,634.56 | 12/04/2003 | | 03651 | 25.5400 | 2003-12-05 |

Access Wage Attachment Information

Start NUM 12:56 PM

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER

SDGE

Sempra Energy

101 Ash Street, San Diego, CA 92101-3017

908878

PAYROLL CHECK

P

UNION BANK OF CALIFORNIA

| Check No. | Date | Amount |
|---|---|---|
| 30092629 | 12/12/03 | $ 62.03 |

Pay: Sixty-Two and 03/100 Dollars

To The Order of:

Brownell, Mark S
1695 Pepper Dr.
El Cajon CA 92021

VOID AFTER 90 DAYS

HOLD UP TO LIGHT TO SEE "VERIFY FIRST" WATERMARKED INTO THE PAPER

⑈003009262⑈ ⑆122000497⑆ 0700492443⑈ ⑈0000006203⑈

HPSC 12/22/03

1010304826

122000661

6560191193

EXHIBIT “P”

Michael G. Doan, Esq.*
Shawn A. Doan, Esq.
Donald A. Green, Esq.
*Board Certified Specialist
Consumer Bankruptcy Law
American Board of Certification

**DOAN LAW FIRM, LLP**
DOAN PROFESSIONAL TERRACE
2850 PIO PICO DRIVE, SUITE D
CARLSBAD, CA 92008

Phone (760) 450-3333
Fax (760) 720-6082
www.doanlaw.com

North San Diego County

320 East Second Ave., #108
Escondido, CA 92025
Phone (760) 746-4476
Fax (760) 746-4436

March 3, 2008

***By Facsimile and U.S. Mail Only***

Ms. Dawn M. Andrews, Esq.
Sempra Energy
101 Ash St., 11th Floor
San Diego, CA 92101
FAX: (619) 696-4838

**Re:** **Brownell v. San Diego Gas & Electric**
**Case No.: 08-CV-0053 DMS BLM**
**Our File No.: 25-1024**

Dear Ms. Andrews:

I respectfully disagree with your analysis of your letter dated February 11, 2008 in which you assert that my client's claims are time barred because of the statute of limitations. Although you are correct that the ERISA provisions do not contain a statute of limitations and that state law limitations periods apply (*North Star Steel Co. v. Thomas* (1995) 515 U.S. 29, 37), your analysis is inaccurate.

With respect to my client's claims for violations of his ERISA disability benefit plan, the applicable statute is not two years as for wrongful termination as you suggest, but rather four years for breach of contract. *California Civil Code section 337*. See, also, *Hinton v. Pacific Enterprises* (9th Cir. 1993) 5 F3d 391, 393.

Furthermore, as for Plaintiff's Labor Code violation claims, as stated in paragraph 19 of Plaintiff's complaint, plaintiff "timely filed a claim with the Labor Commission, which, for reasons unknown to him, was not timely processed by the Labor Commission." Plaintiff further alleges that the statute of limitations as to his wage claim was tolled by filing with the Labor Commissioner. See, e.g. *Johnson v. Henderson* (9th Cir. 2002) 314 F.3d 409, 414. Thus, despite your contention that Plaintiff's unpaid wages claim is more than three years old, it is still timely.

For these reasons, plaintiff will not be dismissing the complaint as you requested.

Regards,

DONALD A. GREEN, ESQ.