**DONALD A. GREEN, ESQ., (SBN 225171)**
**DOAN LAW FIRM, LLP**
**2850 PIO PICO DRIVE, SUITE D**
**CARLSBAD, CA 92008**
**PHONE (760) 450-3333**
**FAX (760) 720-6082**

Attorneys for Plaintiff, MARK BROWNELL

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK BROWNELL,<br><br>Plaintiff,<br>vs.<br><br>SAN DIEGO GAS & ELECTRIC COMPANY, SEMPRA ENERGY,<br><br>Defendants. | CASE NO. 08 CV 53 DMS (BLM)<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER GRANTING LEAVE TO AMEND COMPLAINT**<br><br>Date: September 26, 2008<br>Time: 1:30 p.m.<br>Judge: Hon. Dana M. Sabraw<br>Dept: 10<br><br>Filed: January 9, 2008<br>Trial Date: None Set |

**TO ALL PARTIES AND THEIR ATTORNEY(S) OF RECORD:**

**PLEASE TAKE NOTICE THAT** Plaintiff MARK BROWNELL hereby moves this court for an order granting leave to amend the complaint. The hearing on said motion is scheduled for September 26, 2008 at 1:30 p.m. in Department 10 of the above-referenced Court. Said application is made pursuant to FRCP 15(a)(2) and FRCP 15(c)(1). It is further made on the grounds that good cause exists to permit and the interest requires said amendment. It is based on this motion, points and authorities, the attached *Declaration of Donald A. Green*, and all papers and things on file in this matter.

A true and correct copy of the proposed *First Amended Complaint* is attached to the accompanying *Declaration of Donald A. Green* in support of this motion and incorporated herein by reference as *Exhibit A*. Proposed amendments to the complaint are itemized in the attached *Declaration of Donald A. Green.*

**I.**

**STATEMENT OF FACTS**

This case was filed on January 9, 2008 by Plaintiff, Mark Brownell, for claims against San Diego Gas & Electric Company and Sempra Energy. Plaintiffs allegations included, as stated in the caption, "... violations of ERISA Disability Benefit Plan; Breach of Fiduciary Duties; Intentional Interference with ERISA Benefits; Failure to Properly Pay Wages Pursuant to California Labor Code, including Waiting Time Penalties."

Plaintiff, Mark Brownell, was employed by San Diego Gas & Electric Co. in August 1997 as a mechanic in the Gas Operations Department. On July 4, 2004, Plaintiff made a claim for benefits under the SDG&E Long Term Disability (LTD) Plan, suffering severe cellulitis of his foot, which ultimately resulted in amputation of his leg. Plaintiff began receiving long term disability benefits, but immediately noticed improper deductions and the cessation of his health benefits. According to his long term disability benefit plan, his benefits would continue so long as he was receiving long term disability. He was to continue receiving long term disability until age 65. Because of his serious health condition, Plaintiff needed continuing medical care which should have been paid for from his benefits plan. Defendants terminated his health benefits, requiring him to pay for COBRA, and to incur substantial additional expenses out of his own pocket. Moreover, defendants continued to inappropriately withdraw monies from his long term disability checks. Under the plan he was also entitled to life insurance, pension monies, and unused vacation time. Plaintiff has never received all amounts owed to him.

On March 11, 2008, Defendants filed an answer to the Complaint. The *Case Management Conference* was originally scheduled for May 6, 2008, but on the *ex parte* application by Plaintiff due to a conflict, the Case Management Conference was vacated. On May 7, 2008, the Court issued an order regulating discovery and other pretrial procedures. Among the orders was a date of June 9,

2008 "to amend the pleadings or to file additional pleadings." On August 18, 2008, Defendants filed a *Motion for Summary Judgment* to be heard on October 3, 2008. Plaintiff hereby files this motion for leave to amend the complaint to clarify the claims brought against defendants therein. A copy of the proposed complaint is attached hereto as *Exhibit A*.

## II.

## POINTS AND AUTHORITIES

A motion for leave to amend is appropriate prior to trial under Federal Rule of Civil Procedure 15(a)(2). That section states in relevant part:

> "... a party may amend its pleading only with the opposing party's written consent or the court's leave. ***The court should freely give leave when justice so requires***." (*emphasis added*)

Federal policy strongly favors determination of cases on their merits. Therefore, the role of pleadings is limited, and leave to amend the pleadings is freely given unless the opposing party makes a showing of undue prejudice, or bad faith or dilatory motive on the part of the moving party. *Forman v. Davis* (1962) 371 U.S. 178, 182, 83 S.Ct 227, 230. It has been further held that the circumstances under which Rule 15(a) "permit denial of leave to amend are limited." *Ynclan v. Department of Air Force* (5th Cir. 1991) 943 F.2d 1388, 1391. The policy favoring leave to amend is "a necessary companion to notice pleading and discovery." *Lone Stars Ladies Investment Club v. Schlotzsky's Inc.* (5th Cir. 2001) 238 F.3d 363, 367. "This policy [to allow amendment] is to be applied with 'extreme liberality'." *Eminence Capial, LLC v. Aspeon, Inc.* (9th Cir. 2003) 316 F.3d 1048, 1051.

In the present case, the scheduling order was signed May 7, 2008, with a deadline set by the court of June 9, 2008 to amend the pleadings. In *Coleman v. Quaker Oats Co.* (9th Cir. 2000) 232 F.3d 1271, 1294, the court held that an amendment, because it requires a modification of the scheduling order, requires leave of court and a showing of "good cause."

Plaintiff hereby files this motion requesting leave to amend because he can demonstrate good cause, and because the interests of justice, as set forth below, so require. An itemized list of

amendments to the complaint are included in the attached *Declaration of Donald A Green*, attached hereto and incorporated herein by reference.

## A. MOTION TO AMEND SHOULD BE GRANTED BECAUSE PLAINTIFF CAN DEMONSTRATE "GOOD CAUSE" AND IN THE INTEREST OF JUSTICE

This motion is made to amend the complaint to clarify the allegations made against defendants. It is clear by Defendant's *Motion for Summary Judgment* that the complaint that defendants' are of the impression that the allegations against defendants are only for violation of 29 USC § 1140 (ERISA 510) and Labor Code § 203. As identified in the caption, however, ("… *violations of ERISA Disability Benefit Plan; Breach of Fiduciary Duties; Intentional Interference with ERISA Benefits; Failure to Properly Pay Wages Pursuant to California Labor Code, including Waiting Time Penalties*") Plaintiff also alleges breach of the plan agreement, pursuing remedies under 29 USC § 1132 (ERISA 502) and for breach of fiduciary duties under 29 USC §§ 1104 and 1106.

Plaintiff's first allegation of the original complaint is titled "*Termination of Employment to Interfere with Benefits*." While this claim may lead one to believe, as defendants apparently do in this case, that the claim is solely for an ERISA 510 violation, the language contained in the caption and the text of this allegation also support a claim under ERISA 502.

ERISA 502 entitles a beneficiary of an ERISA plan to sue to recover benefits under the plan, or for other equitable relief. ERISA 510 makes it unlawful for an employer to terminate an employee for exercising any right to which he is entitled under their employee benefit plan. Paragraphs 8 and 10 of the complaint support allegations of both a 502 and 510 claim, stating:

> "8. The Disability Plan provides that, for so long as a beneficiary is receiving LTD benefits, his health benefits shall continue in full force and effect, and that any premium would be deducted from the disability benefit …
>
> 10. In addition, during such time as Plaintiff remains on disability, he is to continue receiving pension and related employment credits. Defendants terminated Plaintiff in order to prevent such crediting, having a direct financial interest in Plaintiff accumulating additional benefits. As a consequence thereof, Plaintiff has been deprived of, and continues to be deprived of, ongoing benefit credits."

Plaintiff's prayer further seeks vestment of all past benefit credits and restitution.

Plaintiff's complaint is not simply for damages due to an ERISA 510 violation, but also for entitlement to benefits, that have nothing to do with the termination of his employment, under ERISA 502. Plaintiff therefore seeks to amend the complaint to clarify, and add, as separate causes of action, allegations under 29 USC 1132 (ERISA 502) and for breach of fiduciary duties under 29 USC §§ 1104 and 1106.

While Defendants may argue that they brought their position to the attention of Plaintiff's counsel by arguing in correspondence the futility of bringing an ERISA 510 action against defendants, the parties clearly misunderstood their respective positions. In response to their correspondence, Plaintiff's counsel addressed the issue by citing *Hinton v. Pacific Enterprises* (9th Cir. 1993) 5 F.3d 391, 393 which holds that "The two sections [ERISA 502 and 510] remedy different wrongs; one section corrects any improper action taken with respect to the benefits plan itself and the other punishes an improper action taken with respect to the individual's employment status." *Id* at 399. (*See Declaration of Donald A. Green,* ¶¶ 7, 9; *Exh.* C). This is the position that Plaintiff has always held with respect to his benefits – that he is entitled to continuing benefits under the plan regardless of employment status, and that defendants terminated him from employment in contravention of this plan. (*See Complaint* ¶¶ *8-10*). Both allegations are independent.

Plaintiff admits this inadvertence and ambiguity in framing the complaint, but hereby requests permission for leave to amend to correct those mistakes. Because Defendants have vigorously defended this action, with knowledge of Plaintiff's claims and requests for relief, there can be no doubt that Defendants are not prejudiced by this action. Quite the contrary, denial of Plaintiff's right to amend the complaint, based on allegations always asserted against defendants, would deprive him of any entitlement to his benefits under the plan, and would be a grave injustice.

## B. PLAINTIFF'S CLAIMS RELATE BACK TO THE ORIGINAL COMPLAINT

The amendments as proposed and itemized in the attached *Declaration of Donald A. Green* relate back to the original complaint. Relation back is described in the Federal Rules of Civil Procedure Rule 15(c)(1). That section states, in relevant part:

> "An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading ..."

Here, Plaintiff has obviously sought benefits to which he is entitled under the plan. The very language of the initial complaint refers to his request for damages, and, in fact, refers to 9 USC § 1132, ERISA 502 as the remedy. All claims as proposed arise out of the same set of occurrences or transactions and, at the very least, were "attempted to be set out," quoting FRCP § 15(c)(1) directly.

It is imperative that Plaintiff amend his complaint to specifically allege a 502 violation for entitlement to benefits. Good cause exists because Plaintiff attempted to set forth the allegations of ERISA violation, all allegations stem from the same set of transactions, and Plaintiff has believed that defendants and the complaint were clear in their allegations and statutory violations against defendants. Defendants' position, as iterated in their *motion for summary judgment,* evidence that these allegations may not have been perfectly clear and therefore need to be identified individually and more specifically. This amendment is not made in bad faith, but simply to correct these inadvertent ambiguities and to clarify the language and allegations of the initial complaint.

## III.

## CONCLUSION

For the aforementioned reasons, Plaintiff prays the court grant his motion for leave to amend the complaint as proposed .

Dated: August 22, 2008 DOAN LAW FIRM LLP

By: /S/ DONALD A. GREEN
DONALD A. GREEN
Attorney for Plaintiffs, MARK BROWNELL