**DONALD A. GREEN, ESQ., (SBN 225171)**
**DOAN LAW FIRM, LLP**
**2850 PIO PICO DRIVE, SUITE D**
**CARLSBAD, CA 92008**
**PHONE (760) 450-3333**
**FAX (760) 720-6082**

Attorneys for Plaintiff, MARK BROWNELL

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK BROWNELL,<br><br>Plaintiff,<br>vs.<br><br>SAN DIEGO GAS & ELECTRIC COMPANY, SEMPRA ENERGY,<br><br>Defendants. | CASE NO. 08 CV 53 DMS (BLM)<br><br>**DECLARATION OF DONALD A. GREEN IN SUPPORT OF MOTION FOR ORDER GRANTING LEAVE TO AMEND COMPLAINT**<br><br>Date: September 26, 2008<br>Time: 1:30 p.m.<br>Judge: Hon. Dana M. Sabraw<br>Dept: 10<br><br>Filed: January 9, 2008<br>Trial Date: None Set |

I, DONALD A. GREEN, declare as follows:

1. I am the attorney of record for plaintiffs in the above-captioned matter.

2. This declaration is submitted based on the best of my personal knowledge and if called to testify would testify competently thereto unless such information is declared on information and belief as follows.

3. This case was filed on January 9, 2008 by Plaintiff, Mark Brownell, for claims against San Diego Gas & Electric Company and Sempra Energy. Plaintiffs allegations included, as stated in the caption, "… violations of ERISA Disability Benefit Plan; Breach of Fiduciary Duties; Intentional

Interference with ERISA Benefits; Failure to Properly Pay Wages Pursuant to California Labor Code, including Waiting Time Penalties."

4. I filed this complaint on behalf of Plaintiff, intending to allege breaches of Plaintiff's benefits plan under ERISA 502 and also interference with his benefits under ERISA 510. Indeed, I thought the general allegations supporting these claims were spelled out in caption of the complaint and in the following paragraphs of the complaint:

> "8. The Disability Plan provides that, for so long as a beneficiary is receiving LTD benefits, his health benefits shall continue in full force and effect, and that any premium would be deducted from the disability benefit ...
>
> 10. In addition, during such time as Plaintiff remains on disability, he is to continue receiving pension and related employment credits. Defendants terminated Plaintiff in order to prevent such crediting, having a direct financial interest in Plaintiff accumulating additional benefits. As a consequence thereof, Plaintiff has been deprived of, and continues to be deprived of, ongoing benefit credits."

5. On March 11, 2008, Defendants filed an answer to the Complaint. The *Case Management Conference* was originally scheduled for May 6, 2008, but on the *ex parte* application by Plaintiff due to a conflict, the Case Management Conference was vacated. On May 7, 2008, the Court issued an order regulating discovery and other pretrial procedures. Among the orders was a date of June 9, 2008 "to amend the pleadings or to file additional pleadings." On August 18, 2008, Defendants filed a *Motion for Summary Judgment* to be heard on October 3, 2008.

6. Plaintiff proposes to file a *First Amended Complaint*, attached to the *Notice of Motion and Motion for Leave to Amend Complaint*, and served and filed concurrently with this *Declaration*.

7. The following are true and correct copies of the documents attached to the *Notice of Lodgment*:

***Exhibit A*** – [Proposed] First Amended Complaint;

***Exhibit B*** – Letter from Donald A. Green to SDGE, dated March 3, 2008.

***Exhibit C*** – Letter from Donald A. Green to Horace Green, August 22, 2008.

8. Said amended complaint changes the original complaint in the following particulars only:

a. The caption is amended to identify specifically each cause of action, including: (1) Breach of ERISA Disability Benefit Plan; (2) Breach of Fiduciary Duties; (3) Intentional Interference with ERISA Benefits; and (4) Failure to Properly Pay Pages, Including Waiting Time Penalties;

b. Roman Numerals I through VIII were added for each section of the complaint to delineate parts of the complaint;

c. Section III, "General Allegations" was added to separate the general allegations from each of the remaining causes of action;

d. Section IV, the first cause of action was added to state "Breach of ERISA Disability Benefit Plan" under 29 USC 1132 (ERISA 502). This section replaces the First Cause of Action, ¶¶ 6-13 of the initial complaint;

e. Section V, the second cause of action for breach of fiduciary duties was added as paragraphs 24-28;

f. Paragraphs 6-13 of the initial complaint were moved to paragraphs 30-35 and placed under Section VI, the third cause of action for "Intentional Interference with ERISA Benefits." This section was previously the first cause of action in the first amended complaint

g. The second cause of action in the initial complaint, ¶¶ 17-22 were moved to Section VII, for failure to pay wages (improper deduction) and penalties, ¶¶ 36-42 in the proposed first amended complaint.

9. Said amendments are necessary and proper and good cause exists because I, and plaintiff, believe the initial complaint specifically alleged all claims in this proposed first amended complaint. Given the grounds and nature of Defendants' *motion for summary judgment*, however, it is clear that defendants' believed that the complaint was only for violations of ERISA 510, and not for claims under ERISA 502. This complaint specifically delineates those claims.

10. Because Defendants have actively defended this action, I do not believe that any of the proposed amendments to the complaint will be burdensome or prejudicial to defendants in any way. Moreover, such amendments are necessary in furtherance of justice

11. On August 21, 2008, I left a message for Horace Green, counsel for defendants, and requested that he stipulate to amendment of the complaint as proposed. I received a voice mail from Mr. Green on August 22, 2008 in which he stated he would need a copy of the complaint and would have to discuss it with his clients and that could take a week or more. In accordance with Mr. Green's request, I faxed a copy of the proposed amended complaint in the morning of August 22, 2008 for his review.

12. Because of the imminent need for this motion to be heard, given the Motion for Summary Judgment on calendar by defendants, I contacted the Court to set a date and time for the hearing on the motion. It was set for September 26, 2008 at 1:30 p.m.

13. On August 22, 2008, I also faxed and mailed a letter to Mr. Green advising him that I had scheduled the hearing date and that if his clients authorized his stipulation to allow filing of the first amended complaint I would take the hearing off calendar.

14. This *Notice of Motion and Motion for Leave to Amend, Declaration of Donald A Green*, supporting exhibits, and proposed order were served on defendant via U.S. mail, and concurrently filed with the court, and served electronically accordingly, on August 22, 2008.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this 22nd day of August, 2008, at Carlsbad, California.

/S/ DONALD A. GREEN
Donald A. Green