# EXHIBIT A

**DONALD A. GREEN (225171)**
**DOAN LAW FIRM, LLP**
**ATTORNEYS AT LAW**
**2850 PIO PICO DR., SUITE D**
**CARLSBAD, CA 92008**
**(760) 450-3333 ♦ FACSIMILE (760) 450-6082**

Attorney for Plaintiff, MARK BROWNELL

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK BROWNELL,<br><br>Plaintiff,<br><br>v.<br><br>SAN DIEGO GAS & ELECTRIC COMPANY, SEMPRA ENERGY,<br><br>Defendants. | Case No. SACV07-828 JVS (ANx)<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1. **BREACH OF ERISA DISABILITY BENEFIT PLAN** ***(29 USC § 1132 [ERISA § 502])***<br>2. **BREACH OF FIDUCIARY DUTIES (29 USC §§ 1104, 1106)**<br>3. **INTENTIONAL INTERFERENCE WITH ERISA BENEFITS** ***(29 USC § 1140 [ERISA § 510]***<br>4. **FAILURE TO PROPERLY PAY WAGES, INCLUDING WAITING TIME PENALTIES (*CA. LABOR CODE § 203*)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff MARK BROWNELL alleges as follows:

**I.**

**JURISDICTION AND VENUE**

1. This action is brought under the Employee's Retirement Income Security Act (hereinafter ERISA). This court has jurisdiction to hear this matter pursuant to 29 USC Section 1101 *et seq*. and 28 USC Section 1331.

2. Venue is proper insofar as Plaintiff was employed within this District and claim for benefits gave rise within this District. Furthermore, Defendants all do business within this District.

/ / /

## II.

## PARTIES

3. At all times relevant hereto, Plaintiff was employed by Defendant SAN DIEGO GAS & ELECTRIC COMPANY (SDG&E), predecessor in interest to SEMPRA ENERGY, INC.(SEMPRA), business entities, form unknown. As such, Plaintiff was a beneficiary under the employee benefit plans described herein.

4. At all times relevant hereto, Defendant SDG&E was the plan sponsor and administrator of a Long Term Disability Plan for SDG&E employees, of which Plaintiff was a beneficiary, as well as other employee retirement, health and welfare benefit plans.

5. At all times relevant hereto, the Disability Plan was an employee pension benefit plan within the meaning of 29 USC Section 1002.

## III.

## GENERAL ALLEGATIONS

6. On or about July 4, 2004, Plaintiff made a claim for benefits under the SDG&E Long Term Disability (LTD) Plan, suffering severe cellulitis of his foot, which ultimately resulted in amputation of his leg.

7. Plaintiff thereafter began receiving benefits, despite various controversies regarding his benefit rates, overpayment, etc.

8. The Disability Plan (the "Plan") provides that, for so long as a beneficiary is receiving LTD benefits, his health benefits shall continue in full force and effect, and that any premium would be deducted from the disability benefit.

9. Plaintiff alleges that defendants, and each of them, breached their agreement with him under the disability plan in denying him full entitlement to his long term disability payments as well as health and other benefits.

10. Plaintiff further alleges that in contravention of the plan, and in retaliation for filing a disability claim, Defendants SDG&E and SEMPRA terminated Plaintiff from his employment, and thereafter deprived him of health benefits that he should have received in conjunction with his LTD

benefits. As a result, plaintiff was forced to participate in a COBRA plan, at additional substantial cost.

11. Plaintiff has exhausted all available internal, contractual and administrative remedies available to her.

12. Plaintiff is furthermore entitled to all attorney's fees and costs expended in this action, as provided in 29 U.S.C. Section 1132(g)

## IV.

## FIRST CAUSE OF ACTION
## BREACH OF ERISA DISABILITY BENEFIT PLAN
## *(29 USC § 1132 [ERISA § 502])*
## *(AGAINST DEFENDANTS SEMPRA and SDG&E)*

13. Plaintiff refers to and incorporates herein by reference as through fully set forth below its allegations contained in paragraphs 1 to 12, inclusive.

14. Plaintiff alleges that there was a written agreement for the provision of benefits covered under an ERISA plan (hereinafter "plan"), including long-term disability and health benefits.

15. Plaintiff alleges that the aforementioned agreement required defendants to continue payment of long term disability benefits until age 65, or 42 months, if greater.

16. The Disability Plan provides that, for so long as a beneficiary is receiving LTD benefits, his health benefits shall continue in full force and effect, and that any premium would be deducted from the disability benefit.

17. Plaintiff alleges that Defendants improperly unlawfully deducted monies from his LTD benefits in breach of the plan agreement.

18. Defendants have further deprived Plaintiff of his health benefits due under the plan. As a result, Plaintiff was thereafter forced to participate in a COBRA plan, at additional substantial cost.

19. In addition, during such time as Plaintiff remains on disability, he is to continue receiving pension and related employment credits.

20. Plaintiff alleges that Defendants have deprived him of the full benefits due under the plan, including his right to health benefits, pension, and employment credits.

21. Plaintiff is bringing this cause of action pursuant to 29 U.S.C. § 1132(a)(1)(b) and (a)(1)(3) (ERISA § 502).as a plan beneficiary to recover benefits due him under the plan.

22. As a result of the breaches of the plan agreement by defendants as herein described Plaintiff has suffered economic losses in an amount to be proven at trial.

23. Plaintiff is furthermore entitled to all attorney's fees and costs expended in this action, as provided in 29 U.S.C. Section 1132(g).

**V.**

**SECOND CAUSE OF ACTION**
**BREACH OF FIDUCIARY DUTIES**
***(AGAINST SEMPRA AND SDG&E)***

24. Plaintiff refers to and incorporates herein by reference as through fully set forth below its allegations contained in paragraphs 1 to 23, inclusive.

25. Plaintiff alleges that defendants, each and all of them, were for all relevant times herein fiduciaries of the subject plan as that term is defined by 29 USC 1002(21)(A).

26. Plaintiff alleges that the acts and/or omissions of defendants, as heretofore alleged, constitute a breach of their fiduciary duties in violation of 29 USC § 1104(a) in that they failed to act in the best interest of beneficiaries, and to administer the benefit plan solely in the interest of the beneficiaries of the plan, and, in particular, Plaintiff . Plaintiff further alleges that defendants, and each of them, have engaged in transactions prohibited by 29 USC § 1106 by obtaining a direct financial benefit from the unlawful denial of his benefits.

27. As a result of the breaches of the plan agreement by defendants as herein described Plaintiff has suffered economic losses in an amount to be proven at trial.

28. Plaintiff is furthermore entitled to all attorney's fees and costs expended in this action, as provided in 29 U.S.C. Section 1132(g).

/ / /

/ / /

/ / /

**VI.**

**THIRD CAUSE OF ACTION**
**INTENTIONAL INTERFERENCE WITH ERISA BENEFITS**
***(AGAINST SEMPRA AND SDG&E)***

29. Plaintiff refers to and incorporates herein by reference as through fully set forth below its allegations contained in paragraphs 1 to 28, inclusive.

30. The Disability Plan provides that, for so long as a beneficiary is receiving LTD benefits, his health benefits shall continue in full force and effect, and that any premium would be deducted from the disability benefit.

31. In contravention of this provision, and in retaliation for filing a disability claim, Defendants SDG&E and SEMPRA terminated Plaintiff from his employment, thereby depriving him of health benefits. Plaintiff was forced to participate in a COBRA plan, at additional substantial cost.

32. In addition, during such time as Plaintiff remains on disability, he is to continue receiving pension and related employment credits. Defendants terminated Plaintiff in order to prevent such crediting, having a direct financial interest in Plaintiff accumulating additional benefits. As a consequence thereof, Plaintiff has been deprived of, and continues to be deprived of, ongoing benefit credits.

33. The above alleged conduct is in violation of 29 U.S.C. 1140(g). Plaintiff has no plain, speedy and adequate remedy at law for the conduct and is entitled to injunctive relief pursuant to the remedies provided for in 29 U.S.C. Section 1132, including but not limited to, an order of reinstatement, an order to give Plaintiff all accumulated credits, and restitution as may be required to restore Plaintiff to his position before defendants' wrongful conduct.

34. As a result of the breaches of the plan agreement by defendants as herein described Plaintiff has suffered economic losses in an amount to be proven at trial.

35. Plaintiff is furthermore entitled to all attorney's fees and costs expended in this action, as provided in 29 U.S.C. Section 1132(g).

/ / /

/ / /

VII.

**FOURTH CAUSE OF ACTION**
**FOR FAILURE TO PAY WAGES (IMPROPER DEDUCTION) AND PENALTIES**
***(AGAINST SEMPRA AND SDG&E)***

36. Plaintiff refers to and incorporates herein by reference as through fully set forth below its allegations contained in paragraphs 1 to 35, inclusive.

37. On or about December 12, 2003, Plaintiff requested to be cashed out of vacation time. Pursuant to SDG&E policy, he had such a right. Such sum was to be paid in full, without deductions, excepting regular payroll deductions.

38. Of approximately $1,600, however, SDG&E took out all but approximately $40, claiming setoffs for benefit payments. This unauthorized unilateral deduction is in violation of California law.

39. Plaintiff timely filed a claim with the Labor Commission, which, for reasons unknown to him, was not timely processed by the Labor Commission. However, any statute of limitations relating to this claim was tolled by the filing of that claim.

40. Plaintiff is entitled to the entirety of his vacation wages, without deductions, as required by law.

41. Further, pursuant to *California Labor Code* Sections 201 and 227.3, Defendants were required to pay any sums owing to Defendant on the date of his termination. This Defendants did not do. Accordingly, pursuant to Labor Code Section 203, Plaintiff is entitled to his daily wages, in the sum of $204.31 for a period of thirty days, or a total of $6,129.20.

42. In addition, pursuant to Labor Code Section 218.5, Plaintiff is entitled to attorney's fees in this action.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

VIII.

**PRAYER**

**WHEREFORE,** Plaintiff prays relief against Defendants, and each of them, as follows:

1. For a judicial order reinstating him, and vesting all past earned credits retroactively, as if he had not been terminated.
2. For restitution, in an amount according to proof.
3. For vacation wages unlawfully deducted;
4. For interest on all past due sums;
5. For attorney's fees;
6. For costs of suit incurred herein; and
7. For such other and further relief as this court deems just and proper

Dated: AUGUST 19, 2008 DOAN LAW FIRM, LLP

By: /S/ DONALD A. GREEN
DONALD A. GREEN
Attorney for Plaintiff, MARK BROWNELL