# EXHIBIT B

Michael G. Doan, Esq.*
Shawn A. Doan, Esq.
Donald A. Green, Esq.
*Board Certified Specialist
Consumer Bankruptcy Law
American Board of Certification

# DOAN LAW FIRM, LLP

DOAN PROFESSIONAL TERRACE
2850 PIO PICO DRIVE, SUITE D
CARLSBAD, CA 92008

Phone (760) 450-3333
Fax (760) 720-6082
www.doanlaw.com

North San Diego County

320 East Second Ave., #108
Escondido, CA 92025
Phone (760) 746-4476
Fax (760) 746-4436

March 3, 2008

*By Facsimile and U.S. Mail Only*

Ms. Dawn M. Andrews, Esq.
Sempra Energy
101 Ash St., 11th Floor
San Diego, CA 92101
FAX: (619) 696-4838

**Re:** **Brownell v. San Diego Gas & Electric**
**Case No.: 08-CV-0053 DMS BLM**
**Our File No.: 25-1024**

Dear Ms. Andrews:

I respectfully disagree with your analysis of your letter dated February 11, 2008 in which you assert that my client's claims are time barred because of the statute of limitations. Although you are correct that the ERISA provisions do not contain a statute of limitations and that state law limitations periods apply (*North Star Steel Co. v. Thomas* (1995) 515 U.S. 29, 37), your analysis is inaccurate.

With respect to my client's claims for violations of his ERISA disability benefit plan, the applicable statute is not two years as for wrongful termination as you suggest, but rather four years for breach of contract. *California Civil Code section 337*. See, also, *Hinton v. Pacific Enterprises* (9th Cir. 1993) 5 F3d 391, 393.

Furthermore, as for Plaintiff's Labor Code violation claims, as stated in paragraph 19 of Plaintiff's complaint, plaintiff "timely filed a claim with the Labor Commission, which, for reasons unknown to him, was not timely processed by the Labor Commission." Plaintiff further alleges that the statute of limitations as to his wage claim was tolled by filing with the Labor Commissioner. See, e.g. *Johnson v. Henderson* (9th Cir. 2002) 314 F.3d 409, 414. Thus, despite your contention that Plaintiff's unpaid wages claim is more than three years old, it is still timely.

For these reasons, plaintiff will not be dismissing the complaint as you requested.

Regards,

DONALD A. GREEN, ESQ.

TRANSACTION REPORT P.01/01

MAR/03/2008/MON 06:38 PM

FAX(TX)

| # | DATE | START T. | RECEIVER | COM.TIME | PAGE | TYPE/NOTE | FILE |
|---|---|---|---|---|---|---|---|
| 001 | MAR/03 | 06:38PM | 16196964838 | 0:00:19 | 1 | OK SG3 | 6045 |


# DOAN LAW FIRM, LLP

Michael G. Doan, Esq.*
Shawn A. Doan, Esq.
Donald A. Green, Esq.
*Board Certified Specialist
Consumer Bankruptcy Law
American Board of Certification

DOAN PROFESSIONAL TERRACE
2850 PIO PICO DRIVE, SUITE D
CARLSBAD, CA 92008

Phone (760) 450-3333
Fax (760) 720-6082
www.doanlaw.com

North San Diego County

320 East Second Ave., #108
Escondido, CA 92025
Phone (760) 746-4476
Fax (760) 746-4436


March 3, 2008

***By Facsimile and U.S. Mail Only***

Ms. Dawn M. Andrews, Esq.
Sempra Energy
101 Ash St., 11th Floor
San Diego, CA 92101
FAX: (619) 696-4838

**Re: <u>Brownell v. San Diego Gas & Electric</u>**
**Case No.: 08-CV-0053 DMS BLM**
**Our File No.: 25-1024**

Dear Ms. Andrews:

I respectfully disagree with your analysis of your letter dated February 11, 2008 in which you assert that my client's claims are time barred because of the statute of limitations. Although you are correct that the ERISA provisions do not contain a statute of limitations and that state law limitations periods apply (*North Star Steel Co. v. Thomas* (1995) 515 U.S. 29, 37), your analysis is inaccurate.

With respect to my client's claims for violations of his ERISA disability benefit plan, the applicable statute is not two years as for wrongful termination as you suggest, but rather four years for breach of contract. *California Civil Code section 337*. See, also, *Hinton v. Pacific Enterprises* (9th Cir. 1993) 5 F3d 391, 393.

Furthermore, as for Plaintiff's Labor Code violation claims, as stated in paragraph 19 of Plaintiff's complaint, plaintiff "timely filed a claim with the Labor Commission, which, for reasons unknown to him, was not timely processed by the Labor Commission." Plaintiff further alleges that the statute of limitations as to his wage claim was tolled by filing with the Labor Commissioner. See, e.g. *Johnson v. Henderson* (9th Cir. 2002) 314 F.3d 409, 414. Thus, despite your contention that Plaintiff's unpaid wages claim is more than three years old, it is still timely.

For these reasons, plaintiff will not be dismissing the complaint as you requested.

Regards,