Horace W. Green (SBN 115699)
GREEN & HUMBERT
220 Montgomery Street, Suite 438
San Francisco, California 94104
Telephone: (415) 837-5433
Facsimile: (415) 837-0127

Attorneys for Defendants
SAN DIEGO GAS & ELECTRIC COMPANY
and SEMPRA ENERGY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK BROWNELL,<br><br>Plaintiff,<br><br>vs.<br><br>SAN DIEGO GAS & ELECTRIC COMPANY; SEMPRA ENERGY,<br><br>Defendants.<br>– | Case No. 08 CV 53 DMS (BLM)<br><br>DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT<br><br>Date: September 26, 2008<br>Time: 1:30 p.m.<br>Ctrm.: 10<br><br>Trial Date: June 22, 2009 |

# TABLE OF CONTENTS


II. INTRODUCTION 1

II. PROCEDURAL HISTORY 1

III. STATEMENT OF RELEVANT FACTS UNDERLYING ACTION 3

A. Plaintiff went out on leave in June 2003 and never returned to work 3

B. Plaintiff's employment terminated on July 28, 2004 per the terms of the CBA after his year- long sick leave of absence expired 4

C. Plaintiff Has Been Aware of His Claims Since at Least mid-2004. 5

IV. ARGUMENT 6

A. Plaintiff Cannot Show Good Cause for His Failure to Timely Plead or Amend as Required by Federal Rule of Civil Procedure 16(b) 6

B. Plaintiff Has Also Failed to Make a Sufficient Showing Under Rule 15. 9

1. Plaintiff alleges no "new" facts to support his theories 10

2. Plaintiff's motion is an impermissible attempt to avoid summary judgment. 11

3. Plaintiff's proposed "new" claims are futile 13

a. Plaintiff's claim for breach of ERISA 13

b. Plaintiff's claim for breach of fiduciary duty is similarly flawe 14

4. Defendants will suffer prejudice if leave to amend is granted 15

V. CONCLUSION 16

# TABLE OF AUTHORITIES

**Cases**

*Acri v. International Ass'n of Machinists and Aerospace Workers,* 781 F.2d 1393, 1398 (9th Cir. 1986) .......... 11

*Coleman v. The Quaker Oats Company*, 232 F.3d 1271 (9th Cir. 2000) .......... 7, 9, 11

*Cowen v. Bank of Texas*, 70 F.3d 937(7th Cir. 1995) .......... 12, 13

*Everhart v. Allmerica Financial Life Ins. Co.*, 275 F.3d 751 (9th Cir. 2001) .......... 13

*Farr v. U.S. West*, 58 F.3d 1361 (9th Cir. 1995) .......... 14

*Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) .......... 10, 15

*Ford v. MCI Communications Corp.*, 399 F.3d 1076 (9th Cir. 2005) .......... 14, 15

*Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323 (9th Cir. 1985) .......... 13, 14

*Gibson v. Prudential Ins. Co.*, 915 F.2d 414 (9th Cir. 1990) .......... 13

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992) .......... 6, 9

*Jordan v. County of Los Angeles*, 669 F.2d 1311 (9th Cir. 1982) .......... 10, 11, 15

*Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Service Bureau*, 701 F.2d 1276 (9th Cir. 1983), cert. denied, 464 U.S. 822 (1983) .......... 13

*M/V American Queen v. San Diego Marine Constr. Corporation.,* 708 F.2d 1483 (9th Cir. 1983) .......... 12

*Madden v. ITT Long Term Disability Plan for Salaried Employees*, 914 F.2d 1279 (9th Cir. 1990) .......... 13

*Maldonado v. City of Oakland,* 2002 U.S. Dist. LEXIS 7746 (N.D. Cal. April 29, 2002) .......... 11

*Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 105 S.Ct. 3085 (1985)13, 14

*Mertens v. Hewitt Associates*, 508 U.S. 248, 113 S.Ct. 2063 (1993) .......... 13

*Schlacter-Jones v. General Telephone of California*, 936 F.2d 435, 443 (9th Cir. 1990) .......... 11

**Treatises**

Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial, section 8:420.1 (2002 ed.) .......... 12

**Statutes**

Federal Rule of Civil Procedure 15 (a)(2) .......... 6, 9, 10, 11, 12

Federal Rule of Civil Procedure 16 (b)....................6, 9

29 U.S.C. § 1002(16)....................14

29 U.S.C. § 1109 (ERISA Section 409)....................14-15

29 U.S.C. § 1132 (a)(1)(B) (ERISA Section 502)....................3, 8, 9, 13

29 U.S.C. § 1132 (a)(2)....................3, 8, 9, 13

29 U.S.C. § 1140 (ERISA Section 510)....................7, 9, 12, 15

California Labor Code § 203....................7, 15

## I. INTRODUCTION.

Plaintiff Mark Brownell ("Brownell" or "Plaintiff") filed this action in January 2008, alleging two claims: termination in order to deprive Plaintiff of ERISA benefits; and failure to pay out accrued, unused vacation. As set forth in Defendants San Diego Gas & Electric Company's ("SDG&E") and Sempra Energy's ("Sempra") (collectively "Defendants") Motion for Summary Judgment, both claims are barred by the applicable statutes of limitation.

Instead of filing an Opposition to Defendants' summary judgment motion, Plaintiff filed a Motion for Leave to Amend his Complaint. Although the motion refers to "new" claims, the proposed amended complaint does not allege any additional facts or other changed circumstances. It simply rehashes the same barred claims alleged in the original complaint. Moreover, the moving papers provide no explanation of, or justification for, Plaintiff's delay in attempting to allege these supposed "new" claims. Finally, the amendments would be futile because the proposed amended complaint does not allege any claim for which relief can be granted.

Plaintiff has failed to meet his burden to prove good cause for allowing him leave to amend his complaint at this late date. Because there has been undue delay, the motion is merely a vehicle to avoid Defendants' Motion for Summary Judgment, and the proposed amendment is futile, Plaintiff's motion should be denied.

## II. PROCEDURAL HISTORY.

Plaintiff filed his original complaint on January 9, 2008. This Complaint contained two claims for relief.

The first cause of action alleged "termination of employment to interfere with benefits." Plaintiff alleged the following: (1) he made a claim for benefits in July 2004 under the SDG&E long term disability plan ("the Plan") (Complaint ¶ 6); (2) he began to receive benefits (Complaint ¶ 7); (3) his health benefits were to continue as long as he was receiving LTD benefits (¶ 8); (4) Defendants terminated Brownell in order to deprive him of his health benefits, pension benefits, and related employment credits (¶ 9-10); and (5)

such conduct violates 29 U.S.C. ¶ 1140 (g). Notably, Plaintiff did not allege that Defendants failed to pay Plan benefits and did not allege a breach of fiduciary duty.

The second cause of action alleges Defendants failed to pay out all accrued, unused vacation to which Plaintiff was entitled in December 2003. Plaintiff alleges that: (1) he requested a payout of his vacation time (¶ 17); (2) SDG&E took deductions from his vacation pay in violation of California law (¶ 18); and (3) Plaintiff is entitled to recovery of “wages” under California Labor Code section 201 (¶ 21). Again, there is no allegation of failure to pay Plan benefits or of a breach of fiduciary duty.

Defendants filed their Answer to the Complaint on March 11, 2008. On May 7, 2008, the Court entered an Order regulating discovery and other pretrial proceedings. At that time, the Court stated the following: “[a]ny motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed **on or before June 9, 2008**.” As of June 9, 2008, no such motion was on file in this action.

On August 18, 2008, Defendants filed a Motion for Summary Judgment on Statute of Limitations grounds. The Motion alleges, *inter alia,* that the limitations period for Plaintiff’s First Cause of Action expired in 2006, and the limitations period for Plaintiff’s Second Cause of Action expired in 2007. The Motion is set for hearing on October 3, 2008.

On August 22, 2008 (7 ½ months after the filing of the initial Complaint; 5 ½ months after the filing of the Answer; 2 ½ months after expiration of the deadline set by the Court to amend the pleadings; and during the pendency of Defendants’ Motion for Summary Judgment) Plaintiff filed his Motion for Leave to Amend the Complaint. The Motion does not include any reference to newly discovered facts, or any change in the intervening law, to explain why Plaintiff did not seek to amend the Complaint in a timely manner. Rather, Plaintiff cites to “inadvertence” and “ambiguity” as the reasons why good cause exists to allow Plaintiff to amend his Complaint.

//

//

Included with the Motion to Amend is the proposed First Amended Complaint ("FAC"). The proposed FAC adds claims for "breach of ERISA disability benefit plan"[1] and for "breach of fiduciary duties"[2] (please see Declaration of Donald A. Green in Support of Motion for Order Granting Leave to Amend Complaint, pages 2-3, ¶ 8). However, the proposed new pleading does not add any facts identifying any claim for any ERISA benefit that was wrongly denied[3]; rather, Plaintiff's claims are still based on his allegation that Defendants terminated Plaintiff in order to prevent Plaintiff from receiving health coverage and pension credits.

## III. STATEMENT OF RELEVANT FACTS UNDERLYING ACTION.[4]

SDG&E hired Plaintiff in August 1997 as a mechanic in the Gas Operations Department (Declaration of James Boland ("Boland Dec."), ¶ 3, filed in support of Defendants' Motion for Summary Judgment on the Statute of Limitations). As a result, Plaintiff became a participant in certain SDG&E employee benefit plans (Complaint ¶ 3-4). He also became a member of the International Brotherhood of Electrical Workers, AFL-CIO, Local 465 ("IBEW Local 465"), and his employment was governed by the terms of a collective bargaining agreement between IBEW Local 465 and SDG&E (Boland Dec. ¶ 4).

### A. Plaintiff went out on leave in June 2003 and never returned to work

Plaintiff went out on a medical leave of absence in June 2003 and never returned to work (Boland Dec. ¶¶ 5-6). In December 2003, Plaintiff began receiving long-term disability benefits in the amount of 60% of his base pay (Boland Dec. ¶ 6). He also requested to be paid the cash value of his accrued, but unused vacation time (Complaint ¶

---

[1] ERISA Section 502(a)(1)(b) (29 U.S.C. § 1132 (a)(1)(B)) allows a plan participant to bring a civil action to recover benefits due under the terms of a plan, to enforce rights under the terms of a plan, or to clarify rights to future benefits under the terms of a plan.

[2] ERISA section 409 (29 U.S.C. § 1132(a)(2)) allows actions for appropriate relief for breaches by plan fiduciaries of their fiduciary obligations. As discussed below, such actions do **not** include actions by plan participants seeking individual relief.

[3] To the contrary, Plaintiff continues to assert that at some time subsequent to July 4, 2004, Plaintiff "began receiving benefits, despite various controversies regarding his benefit rates, overpayment, etc." (proposed First Amended Complaint, ¶ 7). If there are in fact some Plan benefits that Plaintiff has not received, these are not identified in the proposed First Amended Complaint.

[4] These facts are taken directly from Defendants' Memorandum of Points and Authorities in Support of Motion for Summary Judgment on the Statute of Limitations, and reprinted herein for the Court's

17; Boland Dec. ¶ 7). Plaintiff had vacation, holiday, flex, and unused sick time in the gross amount of $3,902.22. He also had deductions of $3,840.19 for the following:

| | |
|---|---|
| State and Federal taxes | $361.99[5] |
| Employee Association fee | $12.00 |
| Union dues | $40.71 |
| U.S. Savings Bond (purchased through SDG&E) | $19.24 |
| Wage Assignment (due to wage garnishment order) | $63.50 |
| Medical coverage premium arrears | $2,373.03 |
| Dental coverage premium arrears | $139.59 |
| Vision coverage premium arrears | $75.79 |
| Life insurance premium arrears | $333.72 |
| AD&D premiums | $24.73 |
| Spouse Life insurance premiums | $302.50 |
| LTD premiums | $93.39 |

(Boland Dec. ¶ 7 and Ex. "E"). It is undisputed that SDG&E sent Plaintiff a check for the balance of $62.03 on December 12, 2003 (Boland Dec. ¶ 7and Ex. "D").

B. Plaintiff's employment terminated on July 28, 2004 per the terms of the CBA after his year- long sick leave of absence expired

After a year of leave, Plaintiff was still physically unable to return to his former position or secure an alternative position with SDG&E (Boland Dec. ¶¶ 5-6). The collective bargaining agreement provides that employees may take a sick leave of absence for up to one year (Boland Dec. ¶ 4 and Ex. "B"). If they cannot return to work at the end of the leave, the employment relationship is terminated per the following term of the collective bargaining agreement:

> Sick Leave of Absence
>
> A regular employee who will be off work for a pro-longed period without pay due to illness or injury, and who has exhausted all sick leave, vacation benefits, and floating holidays may be granted a Sick Leave of Absence. Such leave shall be equal to the employee's length of service but not to exceed one year. If the employee is unable to return to work at the end of the leave, or if at

---

convenience.

[5] SS/Dis $63.69; Medicare $14.88; Fed Withholding $222.39; State Withholding $53.37; VPDI $7.76.

any time during the leave it becomes conclusive that the employee will be unable to return to work, the employee will be terminated.

(Boland Dec. ¶ 4 and Ex. "B") (emphasis added).[6] Accordingly, by letter dated July 28, 2004, SDG&E notified Plaintiff that his leave had expired and his employment relationship with SDG&E was terminated (Boland Dec. ¶ 8 and Ex. "F"). At that time, SDG&E also told Plaintiff that his health coverage ended when his employment ended, and offered him COBRA coverage (Id.).

C. Plaintiff Has Been Aware of His Claims Since at Least mid-2004.

On August 27, 2004, Plaintiff grieved SDG&E's calculation of his vacation payout and the termination of his medical benefits upon termination of his employment (Boland Dec. ¶ 10 and Ex. "H"). SDG&E denied the grievance, and the Union chose not to pursue arbitration (Boland Dec. ¶ 10). On October 4, 2004, IBEW Local 465 appealed Plaintiff's vacation payout and the termination of his medical benefits to the Sempra Energy Benefits Committee. (please see Declaration of Larry Stein in support of Defendants' Motion for Summary Judgment on the Statute of Limitations ("Stein Dec.") ¶ 2 and Ex. "I"). By letter dated December 7, 2004, the Benefits Committee denied Plaintiff's appeal (Stein Dec. ¶ 3 and Ex. "J").

In 2005, Plaintiff's current attorney raised these issues again in correspondence with SDG&E (Stein Dec. ¶ 4 and Ex. "K"). SDG&E reaffirmed its denial of Plaintiff's claims and provided Plaintiff's attorney with a copy of the December 7, 2004 letter (Stein Dec. ¶ 5 and Ex. "L"). Nevertheless, Plaintiff waited to file suit until January 9, 2008.

In an effort to resolve this matter informally, SDG&E's counsel wrote to Plaintiff's counsel in February 2008 to inform him that the applicable statutes of limitation bar both of the claims set forth in the Complaint (please see Declaration of Dawn M. Andrews in support of Defendants' Motion for Summary Judgment on the Statute of Limitations

---

[6] By letter dated June 26, 2003, SDG&E reminded Plaintiff that "[a]t such time that you reach the maximum length for your Medical Leave of Absence your benefits and employment with Sempra Energy Utilities may terminate" (Ex. C).

("Andrews Dec."), ¶ 3 and Ex. "M"). Plaintiff's counsel refused to voluntarily dismiss the Complaint (Andrews Dec. ¶ 4 and Ex. "N"). Plaintiff did not amend his Complaint at that time, despite notice from SDG&E that his Complaint included only a § 510 claim and a Labor Code claim, both of which were (and are) time barred.

## IV. ARGUMENT.

### A. Plaintiff Cannot Show Good Cause for His Failure to Timely Plead or Amend as Required by Federal Rule of Civil Procedure 16(b).

Plaintiff seeks leave to file an amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2), and alleges that the Court's policy to grant such leave is to be applied with "extreme liberality." However, Plaintiff's moving papers gloss over the fact that Plaintiff brings this Motion *after* the expiration of the date for amendment of pleadings set by the Court in its Rule 16 Order. Accordingly, in order to amend the Complaint, Brownell must comply not only with Rule 15, but also with Rule 16(b), which requires the movant to demonstrate the existence of "good cause" for granting leave. *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607-608 (9th Cir. 1992). In *Johnson*, the Court explained the required showing as follows:

> A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15. *Forstmann,* 114 F.R.D. at 85. Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. .... [C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. [Citations omitted.] Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. [Citations omitted.] **If that party was not diligent, the inquiry should end.**

975 F.2d 604, 609 (emphasis added).

Case law interpreting Rule 16 demonstrates that diligence on the part of the moving party is central to a showing of "good cause." In *Johnson,* the Court held that the plaintiffs' motion to amend the pleadings to add a new party after learning that Defendants intended to move for summary judgment did not constitute "good cause" because the plaintiffs were not diligent in bringing this motion on a timely basis. *Id.* at

609 ("[f]ailing to heed clear and repeated signals that not all necessary parties had been named in the complaint does not constitute diligence."). Similarly, in *Coleman v. The Quaker Oats Company,* 232 F.3d 1271 (9th Cir. 2000) (a case cited in Plaintiff's moving papers), the Ninth Circuit held that moving to amend a complaint in response to the defendants' opposition to plaintiffs' summary judgment motion did not demonstrate sufficient diligence to equate to "good cause." *Id.* at 1294-1295.

The record in this case does not establish that Plaintiff has acted diligently. Defendants' LTD Plan has been paying long term disability benefits to Plaintiff since December 2003, up to and including the present time (Boland Dec. ¶ 6). SDG&E terminated Plaintiff in July 2004, and notified him at that time that his health coverage and participation in the pension plan also ended (Boland Dec. ¶ 8 and Ex. F). In October 2005, SDG&E notified Plaintiff's counsel that Plaintiff had exhausted his administrative remedies (please see Declaration of Larry Stein in support of Defendants' Motion for Summary Judgment on the Statute of Limitations, ¶ 5 and Ex. L). Still, Plaintiff waited until January 2008 to file the original Complaint, which included causes of action only for violation of ERISA Section 510 and violation of California Labor Code Section 203. The original Complaint clearly did not state claims for wrongful denial of ERISA Plan benefits and breach of fiduciary duty.

This lack of diligence continued after the filing of the original complaint. Upon receipt of service, SDG&E's in house counsel wrote to Plaintiff's counsel to explain that Plaintiff's stated claims for violation of ERISA Section 510 and Labor Code Section 203 were time barred (please see Declaration of Dawn Andrews in support of Defendants' Motion for Summary Judgment on the Statute of Limitations, ¶ 2 and Exh. "O"). This communication, which certainly would have put a reasonable person on notice that the pleading did not allege claims for violation of ERISA section 502 and breach of fiduciary duty, took place before Defendants made their first appearance (meaning that Plaintiff could have amended his pleading as a matter of right). However, Plaintiff did not amend the Complaint at that time.

The Court conducted an Early Neutral Evaluation Conference on April 10, 2008, at which the parties discussed their various claims and defenses. In the exercise of due diligence, such a discussion would have alerted a reasonable person of the nature of the claims pending before the Court, if in fact such claims were incomplete or not entirely comprehended by the parties. Plaintiff did not move to amend his Complaint at that time.

The Court issued its Rule 16 Order on May 7, 2008. This Order included a deadline of June 9, 2008 for moving to join other parties or to amend the pleadings. A diligent party would have reviewed the pleadings at that point, and moved promptly to add any additional claims for relief or causes of action which were lacking. Again, Plaintiff did not seek leave to amend the pleadings.

In sum, there have been numerous opportunities for Plaintiff to amend the Complaint in this action. On none of these occasions was Plaintiff roused to act. Rather, only the prospect of adverse resolution of the stated claims for relief by summary judgment motivated Plaintiff to seek leave to amend the pleadings. Assuming *arguendo* that Plaintiff always intended to assert claims for violation of ERISA § 502 (a)(1)(b) and (a)(2), it remains unclear why Plaintiff could not have moved to amend the pleadings before Defendants moved for summary judgment. The only explanation provided is in the Declaration of Donald A. Green, wherein Mr. Green states that "I thought the general allegations supporting these claims were spelled out in the caption of the complaint and in [paragraphs 8 and 10] of the complaint" (Green Dec., page 2, ¶ 4). However, neither the caption of the original complaint nor any of the paragraphs contained therein purport to assert claims for relief under 29 U.S.C. Section 1132 (a)(1)(B) (which governs benefits claims) or (a)(2) (which governs breach of fiduciary duty claims)[7].

---

[7] The caption reads "Complaint for Violations of ERISA Disability Benefit Plan; Breach of Fiduciary Duties; Intentional Interference with ERISA Benefits; Failure to Properly Pay Wages Pursuant to California Labor Code, including Waiting Time Penalties" but does not reference any statutory basis for these claims. Paragraph 8 states "[t]he Disability Plan provides that, for so long as a beneficiary is receiving LTD benefits, his health benefits shall continue in full force and effect, and that any premium would be deducted from the disability benefit." There is no mention of any denial of any claim for any ERISA benefit, or any breach of fiduciary duty, and no fiduciary is identified. Paragraph 10 states "[i]n addition, during such time as Plaintiff remains on disability, he is to continue receiving pension and related employment credits. Defendants

In fact, the original Complaint only alleges the following:

> FIRST CAUSE OF ACTION AGAINST DEFENDANTS SEMPRA AND SDG&E FOR TERMINATION OF EMPLOYMENT TO INTERFERE WITH BENEFITS
>
> . . . .
>
> 11. The above alleged conduct is in violation of 29 U.S.C. 1140(g). Plaintiff has no plain, speedy and adequate remedy at law for the conduct and is entitled to injunctive relief pursuant to the remedies provided for in 29 U.S.C. Section 1132, including but not limited to, an order of reinstatement, an order to give Plaintiff all accumulated credits, and restitution as may be required to restore Plaintiff to his position before Defendants' wrongful conduct.

This is clearly, and solely, a §510 claim. There is simply no basis on which a reasonable person could interpret these allegations as stating claims for relief under 29 U.S.C. 1132 (a)(1)(B) and/or (a)(2). Moreover, and tellingly, even if Plaintiff were laboring under this misapprehension, Plaintiff has made no showing that he acted diligently to correct his pleading error. Rather, Plaintiff only filed this Motion in an attempt to plead around summary judgment, which (as discussed below) is an improper basis upon which to grant a Motion to amend a pleading. Plaintiff's efforts to equate his belated realization that his stated claims are time barred with "good cause" are unsupported by applicable case law; *Johnson* and *Coleman* hold directly to the contrary. Therefore, Defendants respectfully submit that Plaintiff has not sustained his burden under Rule 16 of demonstrating good cause for amendment of the Court's Pretrial Order; accordingly, Plaintiff's Motion is not well taken and should be denied.

B. Plaintiff Has Also Failed to Make a Sufficient Showing Under Rule 15.

Even if Plaintiff were able to make a showing of the requisite "good cause" to modify the Pretrial Order, which he cannot, he would still have to demonstrate a sound basis for amending the pleadings pursuant to Federal Rule of Civil Procedure 15. Plaintiff has not, and cannot, satisfy this burden.

The decision as to whether to allow the filing of an amended pleading after Defendants have answered lies within the sound discretion of the trial court. *Jordan v.*

---

terminated Plaintiff in order to prevent such crediting, having a direct financial interest in Plaintiff accumulating additional benefits. As a consequence thereof, Plaintiff has been deprived of, and continues to be deprived of, ongoing benefit credits." This paragraph seeks to articulate a § 510 claim, but does not state or even refer to any claim under § 502 (a)(1)(B) or § 409.

*County of Los Angeles,* 669 F.2d 1311, 1324 (9th Cir. 1982). Such leave is only "freely given" in the **absence** of "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment . . ." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). In this case, Plaintiff's motion should be denied because Plaintiff was dilatory in seeking leave to add new theories based on facts that Plaintiff already knew; Plaintiff's motion is an improper attempt to avoid summary judgment; and because Plaintiff's motion is futile in that the proposed "new" causes of action are not viable claims upon which this Court may grant relief.

1. <u>Plaintiff alleges no "new" facts to support his theories.</u>

The Ninth Circuit has specifically found undue delay in cases where the party seeking to amend knows, or should have known, all of the facts upon which the purportedly "new" claims are based, but fails to include these theories in the original pleading and fails to provide any valid justification for the initial omission. For example, in *Jordan v. County of Los Angeles, supra,* the plaintiff originally filed an action based on Title VII of the Civil Rights Act of 1964 (42 U.S.C.§ 2000 *et seq.*) and on the Civil Rights Act of 1866 (42 U.S.C. § 1981). Subsequently, the plaintiff sought leave to amend his complaint to add a claim for violation of the equal protection clause, based upon the same facts and conduct alleged in the initial complaint. In upholding the district court's denial of leave to amend the pleading, the Ninth Circuit specifically held that, notwithstanding the "liberal" standard under Rule 15, denial of a motion to amend is appropriate where the moving party fails to provide a satisfactory explanation for the failure to allege the new claims in the original complaint:

> [T]he liberality of Rule 15 (a) does not mean that amendment will be allowed regardless of the diligence of the moving party. Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied. [Citations omitted.] Here, Jordan's attorneys have proffered no satisfactory reasons for failing to include the equal protection causes of action in the original complaint. On these facts, we find no abuse of discretion in the district court's denial of Jordan's motion to amend his complaint.

669 F.2d at 1324.

Similarly, in *Coleman v. Quaker Oats Company, supra,* 232 F. 3d 1271 (9th Cir. 2000), the Court stated that “even under the liberal Rule 15 standard, ‘late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action.’” *Id.* at 1295, citing *Acri v. International Ass’n of Machinists and Aerospace Workers,* 781 F.2d 1393, 1398 (9th Cir. 1986).

Plaintiff’s motion is derelict in the precise manner that the Ninth Circuit addressed in *Jordan* and *Coleman*. Plaintiff concedes that he was aware of all of the facts allegedly supporting the proposed additional causes of action. In fact, he alleges no new facts to support his new theories of recovery in the proposed amended complaint. However, Plaintiff fails to provide any justification for his failure to include causes of action for denial of LTD benefits and breach of fiduciary duty in the original Complaint. Moreover, Plaintiff fails to explain his failure to seek leave to amend prior to the Rule 16 deadline, or prior to the filing of Defendants’ summary judgment motion. Simply put, Plaintiff’s late amendment should not be viewed favorably because Plaintiff has not been diligent.

2. <u>Plaintiff’s motion is an impermissible attempt to avoid summary judgment.</u>

A second exception to the “liberality” standard under Rule 15 applies when a party seeks leave to amend a pleading in response to the opposing party’s motion for summary judgment. It is hornbook law in this Circuit that, in cases in which there is a summary judgment motion pending, leave to amend may be denied unless the plaintiff can make a *substantial* showing to support the amendment. Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial, section 8:420.1 (2002 ed.); *Maldonado v. City of Oakland,* 2002 U.S. Dist. LEXIS 7746 (N.D. Cal. April 29, 2002). The reason for this is that “[a] motion for leave to amend is not a vehicle to circumvent summary judgment.” *Schlacter-Jones v. General Telephone of California,* 936 F.2d 435, 443 (9th Cir. 1990),

citing *M/V American Queen v. San Diego Marine Constr. Corp.,* 708 F.2d 1483, 1492 (9th Cir. 1983). One jurisdiction explained the concept thusly:

> A plaintiff who proposes to amend his complaint after the defendant has moved for summary judgment may be maneuvering desperately to stave off the immediate dismissal of the case. With this a possibility, district judges are not content with an allegation sufficient in law; they want to see some evidence to back it up.

*Cowen v. Bank of Texas,* 70 F.3d 937, 944 (7th Cir. 1995).

Plaintiff's motion falls far short of the "substantial showing" required under the case law cited above. The evidence before the Court (submitted with Defendants' Motion for Summary Judgment on the Statute of Limitations) clearly establishes that Plaintiff's pending claims are time barred. Plaintiff has submitted no evidence to this Court which, if accepted, would establish that Brownell has been denied LTD benefits under the Plan, or that any plan fiduciary has breached its duty. As stated above, Plaintiff seeks to amend to allege a claim for wrongful denial of LTD benefits, but fails to identify any benefits that were denied, and actually alleges that LTD benefits were *paid*. To the extent that this is merely an attempt to re-characterize Plaintiff's § 510 claim (i.e., that his termination effectively ended his entitlement to medical coverage), this is an improper attempt to "plead around" summary judgment. Similarly, Plaintiff has not made a substantial showing of conduct which, if proven, would constitute a breach of the duty owed by any fiduciary to the Plan. SDG&E terminated Plaintiff's employment in accordance with the terms of the CBA. His medical coverage ended when his employment ended. To paraphrase the *Cowen* Court, Plaintiff's Motion is devoid of any evidence to "back up" the causes of action that he seeks leave to add. The lack of any substantial showing that the proposed claims are meritorious means that this Motion is nothing more than a vehicle to avoid summary judgment. This is improper, and Plaintiff's Motion should therefore be denied.

//

//

//

3. Plaintiff's proposed "new" claims are futile.

The other relevant basis for denial of a Motion for Leave to Amend is that granting the Motion would constitute an exercise in futility because the proposed additional claims are not viable. *Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Service Bureau,* 701 F.2d 1276, 1293 (9th Cir. 1983), *cert. denied,* 464 U.S. 822 (1983). Plaintiff seeks to add two claims to his Complaint: a claim for Plan benefits under 29 U.S.C. § 1132 (a)(1)(B), and a claim seeking personal relief for an alleged breach of fiduciary duty under 29 U.S.C. § 1132 (a)(2). Both claims fail to state any relief which Plaintiff may obtain against the Defendants who have been named and who have appeared in this action.

a. Plaintiff's claim for breach of ERISA disability plan fails.

Plaintiff seeks leave to sue Sempra and SDG&E for (unidentified) benefits that Plaintiff alleges were "improperly unlawfully deducted" (FAC ¶ 17) and health benefits that he alleges were to be provided under his disability plan (FAC ¶ 18). ERISA permits suits to recover Plan benefits only against the Plan as a separate legal entity. *Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323, 1324 (9th Cir. 1985); *see also Madden v. ITT Long Term Disability Plan for Salaried Employees*, 914 F.2d 1279, 1287 (9th Cir. 1990); *Gibson v. Prudential Ins. Co.,* 915 F.2d 414, 417 (9th Cir. 1990)[8].

The proposed FAC in this Action seeks benefits under Plaintiff's long term disability coverage provided by his employer. The requested relief is limited to that provided under ERISA, namely a recovery of Plan benefits and, in the Court's discretion, a reasonable amount of attorney's fees. *See Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 105 S.Ct. 3085 (1985); *Mertens v. Hewitt Associates*, 508 U.S. 248, 113 S.Ct. 2063 (1993). Under the authorities set forth above, it is beyond dispute that the Plan is the only entity which Plaintiff may sue for these benefits. However, the Plan (a separate legal entity) is not a defendant in this matter. On this basis alone, the purported First Cause of

---

[8] In *Everhart v. Allmerica Financial Life Ins. Co.,* 275 F.3d 751 (9th Cir. 2001), the Ninth Circuit affirmed *Gelardi* while noting a separate line of cases allowing benefits actions against the Plan Administrator. That life of cases is irrelevant to this action, because the FAC does not identify either defendant as being the "Plan Administrator" as that term is defined under ERISA, 29 U.S.C. § 1002(16) ("the person specifically so

Action fails to state a claim for which relief may be granted against these Defendants; accordingly, granting Plaintiff leave to amend his Complaint to assert this cause of action would be futile.

b. Plaintiff's claim for breach of fiduciary duty is similarly flawed.

Plaintiff also seeks to add a claim for breach of fiduciary duty against Sempra and SDG&E. Plaintiff alleges that these Defendants were fiduciaries (FAC ¶ 25); and that the actions alleged in the FAC constitute a breach of fiduciary duties (FAC ¶ 26). Tellingly, Plaintiff does not seek to recover losses suffered by **the Plan** as a result of these alleged breaches; rather, Plaintiff seeks to recover his own economic losses (¶ 27) and his attorney's fees (¶ 28).

ERISA does provide a remedy for breaches of fiduciary duty. However, the obligation of a breaching fiduciary is to restore losses to *the Plan*, not to an individual participant or beneficiary:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter **shall be personally liable to make good to such plan any losses to the plan** resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

29 U.S.C. § 1109 (emphasis added).

Accordingly, it is well settled that an individual participant or beneficiary is not entitled to bring a claim for breach of fiduciary duty seeking **personal** relief, but may only bring such claims on behalf of the Plan. *Massachusetts Mutual Life Ins. Co. v. Russell,* 473 U.S. 134, 140-142 (1985); *Farr v. U.S. West,* 58 F.3d 1361, 1364 (9th Cir. 1995) ("a plan may get relief under § 1109, but individual beneficiaries may not."). Because a fiduciary's alleged mishandling of an individual benefit claim does not violate any of the fiduciary duties enumerated in ERISA, an action seeking such personal relief is fatally deficient and cannot stand. *Ford v. MCI Communications*

---

designated by the terms of the instrument under which the plan is operated").

*Corp.,* 399 F.3d 1076, 1082 (9th Cir. 2005). Hence, because Plaintiff's proposed Second Cause of Action also fails to state a claim for which the Court may grant relief against the named Defendants, granting leave to amend the Complaint would be futile.

4. <u>Defendants will suffer prejudice if leave to amend is granted.</u>

The other factor to be considered is the prejudice suffered by the non-moving party if the motion is granted. *Foman v. Davis, supra,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222; *Jordan v. County of Los Angeles, supra,* 669 F.2d 1311, 1324 ("[t]he crucial factor in determining whether leave to amend should be granted is the resulting prejudice to the opposing party.") Defendants have answered the Complaint, exchanged Initial Disclosures, prepared for and participated in an Early Neutral Evaluation Conference and a Settlement Conference, all based upon the allegations as set forth in the Complaint that this action is based on ERISA § 510 and Labor Code § 203. As part of Defendants' overall case strategy, Defendants (consistent with the position that Sempra communicated to Plaintiff's counsel prior to Defendants' first appearance) now move for summary judgment as to the causes of action set forth in the original Complaint. Allowing Plaintiff to assert new causes of action would essentially obviate not only Defendants' pending motion, but also all of the document review, document production, analysis, and strategy that have gone into placing this case in its current posture. This is not a minor consideration. For example, the deadline for initial disclosure of experts (although extended via stipulation of the parties and Order of the Court) has now passed. Defendants made a determination that they did not need to disclose an expert, based upon the factual allegations and claims for relief set forth in the original Complaint. If the Court now allows Plaintiff to amend the Complaint, Defendants will be denied the opportunity to disclose experts (if necessary) to address these new legal theories.

Defendants respectfully submit that the timing of Plaintiff's Motion is not coincidental. The purpose of the Motion is not to address any alleged "confusion." Rather, this is clearly an effort to plead around the bar of the statute of limitations, and to maintain this action in the face of Defendants' pending Motion for Summary Judgment. Defendants

will be prejudiced if the Court allows Plaintiff to amend around Defendants' pending Motion. Especially in light of the lack of demonstrated good cause for the delay, and Plaintiff's lack of diligence, this prejudice is more than Defendants (who have litigated this matter promptly and in good faith) should have to bear.

V. CONCLUSION.

Plaintiff's moving papers do not demonstrate good cause for granting Plaintiff's Motion. There is no showing of diligence; the Motion is brought for the improper purpose of attempting to plead around summary judgment; and the Motion is futile in that the additional causes of action do not state claims for which the Court may grant relief. For these reasons, as set forth above, Defendants respectfully request that the Court deny Plaintiff's Motion.

DATE: September 12, 2008 GREEN & HUMBERT

By: **/s/ Horace W. Green**
HORACE W. GREEN

Attorneys for Defendants
SAN DIEGO GAS & ELECTRIC
COMPANY and SEMPRA ENERGY

# PROOF OF SERVICE

**Mark Brownell v. San Diego Gas & Electric Company; SEMPRA Energy**
**U.S.D.C. Southern District of California Case No.: 08 CV 53 DMS (BLM)**

I, Horace W. Green, declare:

I am a citizen of the United States of America, am over the age of eighteen (18) years, and not a party to the within action. My business address is Green & Humbert, 220 Montgomery Street, Suite 438, San Francisco, CA 94104.

On **September 12, 2008**, I caused to be served the **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND** on all interested parties through their attorneys of record by placing a true and correct copy thereof addressed as follows:

**Attorneys for Plaintiff:**

Donald A. Green
DOAN LAW FIRM LLP
2850 Pio Pico Drive
Carlsbad, CA 92008

By Electronic filing and service via CM/ECF; I transmitted a true copy of the above entitled documents to CM/ECF on March 31, 2008. I caused all of the above-entitled documents to be sent to recipients noted via CM/ECF e-service at the recipients' office. The file transmission was reported as complete and a copy of the CM/ECF filing receipt page will be maintained with the original documents in my office.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 12, 2008, at San Francisco, California.

/s/ Horace W. Green
Horace W. Green
horaceg@lifehealthlaw.com