**DONALD A. GREEN (SBN 225171)**
**DOAN LAW FIRM LLP**
**2850 PIO PICO DR., SUITE D**
**CARLSBAD, CA 92008**
**(760) 450-3333 ♦ FACSIMILE (760) 720-6082**

**ATTORNEY FOR PLAINTIFF, MARK BROWNELL**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK BROWNELL,<br>Plaintiff,<br>v.<br>SAN DIEGO GAS & ELECTRIC COMPANY, SEMPRA ENERGY,<br>Defendants. | Case No. 08cv53-DMS (BLM)<br>**DECLARATION OF DONALD A. GREEN** |

I, the undersigned, declare:

1. I, DONALD A. GREEN, am the attorney-of-record for Plaintiff, MARK BROWNELL, in this action.

2. This declaration is submitted based on the best of my personal knowledge and if called to testify would testify competently thereto unless such information is declared on information and belief as follows.

3. On June 1, 2005, I sent a letter to Sempra Energy requesting copies of correspondence between Mr. Brownell and Sempra Energy as well as a copy of the collective bargaining agreement. A true and correct copy of that letter is attached hereto and incorporated herein by reference as **Exhibit A**.

4. On July 21, 2005, Sempra Energy responded with a copy of a claim denial dated December 7, 2004 which states "This outlines the position of the Plan Fiduciary." That correspondence includes a copy of the December 7, 2004 letter to Mark Brownell which states "Your claim was respectfully

denied." Mr. Stein did not provide a copy of the collective bargaining agreement as requested. A true and correct copy of that letter is attached hereto and incorporated herein by reference as **Exhibit B**.

5. On September 29, 2005, I wrote to Larry Stein at Sempra Energy requesting written confirmation that Mr. Brownell had exhausted his administrative remedies or to provide me with detailed procedures for completing the administrative process. A true and correct copy of that letter is attached hereto and incorporated herein by reference as **Exhibit C**.

6. On October 3, 2005, Larry Stein of Sempra Energy responded by stating that the December 7, 2004 claim denial was "the final step in the claims procedure as to those issues." A true and correct copy of that letter is attached hereto and incorporated herein by reference as **Exhibit D.**

7. Mr. Brownell moved to Atlanta, Texas in 2005. His leg was amputated and I was informed so had his health.

8. I filed the complaint on behalf of Plaintiff, MARK BROWNELL, on January 9, 2008. The complaint alleged violations of ERISA Disability Benefit Plan, Breach of Fiduciary Duties, Intentional Interference with ERISA benefits, and Failure to Properly Pay Wages Pursuant to California law.

9. It was my intention, and reasonable belief, that the language of the Complaint included claims for breach of his disability plan benefits under ERISA section 502 as well as for intentional interference of his plan benefits under ERISA section 510. Indeed, paragraphs 8 to 10 of the complaint read as follows:

> "8. The Disability Plan provides that, for so long as a beneficiary is receiving LTD benefits, his health benefits shall continue in full force and effect, and that any premium would be deducted from the disability benefit.
>
> 9. In contravention of this provision, and in retaliation for filing a disability claim, Defendants SDG&E and SEMPRA terminated Plaintiff from his employment, thereby depriving him of health benefits. Plaintiff was forced to participate in a COBRA plan, at additional substantial cost.
>
> 10. In addition, during such time as Plaintiff remains on disability, he is to continue receiving pension and related employment credits. Defendants terminated Plaintiff in order to prevent such crediting, having a direct financial interest in Plaintiff accumulating additional benefits. As a consequence thereof, Plaintiff has been deprived of, and continues to be deprived of, ongoing benefit credits."

10. It is clear from the aforementioned language of the complaint that Plaintiff's claims are not only for breach of the plan provisions, but also for termination in contravention of these provisions.

11. Plaintiff did not demur to Plaintiff's complaint.

12. On April 11, 2008, Defendant was unable to appear at the ENE due to a scheduling conflict. I then had a trial conflict and was unable to appear at the case management conference that was set on May 8, 2008.

13. On May 7, 2008, the Court vacated the case management conference and set the scheduling of dates, including an amendment of the pleadings by June 9, 2008. Despite my irrevocable conflict, Plaintiff made a good faith attempt to assist the Court with creating the workable Rule 16 order.

14. Plaintiff's complaint has never before been amended nor have I ever filed a motion for leave to amend.

15. It was only on May 12, 2008, that Defendant provided their initial disclosures. A true and correct copy of the cover letter from Defense counsel with those disclosures is attached hereto and incorporated herein by reference as **Exhibit E**.

16. These disclosures provided for the first time evidence that SDGE and Sempra Energy were confused about the benefits to which Plaintiff was entitled. Specifically, I note each of the following which are true and correct copies of portions of the initial disclosures:

A. **Exhibit F**. "Notepad Listing" with email from Paul Smith to Steven Williamson which states "Honestly not sure if then we would apply LOA as of 12-04-03 or 06-13-03."

B. **Exhibit G**. "Notepad Listing" with email from Debbie Couey to Candace Lacy which states "I find it odd that the EIM record shows the employee starting leave effective 12/3/03 and not some date in June or July 2003. Should some effort go into correcting his employee record before this moves forward?"

17. On August 26, 2008, Mr. Brownell received a letter from Sempra Energy stating that "his LTD benefit is being reinstated. A true and correct copy of that letter is attached hereto and incorporated herein by reference as **Exhibit H.**

18. These discovery responses from Defendants have provided further supporting evidence that Plaintiff's LTD benefits were unrelated to his termination, were miscalculated by SDGE, were not

paid to Plaintiff as contracted, and that plan personnel were unsure of leave of absence and termination dates and in fact manufactured documents to support their calculations.

19. Discovery is still in the early stages. No depositions have taken place, Plaintiff's initial disclosures were just served May 7, 2008, Defendant served their initial disclosures on May 12, 2008, and supplemental disclosures were served July 7, 2008. Plaintiff's experts were just designated September 2, 2008 pursuant to stipulation of the parties, and Plaintiff has granted Defendant an extension to October 2, 2008 to designate their experts. Trial is not scheduled to commence until June 22, 2009.

20. I filed this Motion for Leave to Amend on August 22, 2008 just four (4) days following the filing of defendant's *motion for summary judgment* on August 18, 2008. It was clear to me from Defendant's motion for summary judgment that they misunderstood the allegations being made by Plaintiff. The purpose of the motion was to clarify the allegations made by Plaintiff and to add a claim for ERISA 502 violations and for breach of fiduciary duty, which were not fully evidence until Defendant's disclosures.

21. I am not trying to circumvent Defendant's *Motion for Summary Judgment* with this motion for leave to amend. I have always held firm to our allegations against defendants for breach of Plaintiff's fiduciary duties, including for claims under ERISA 502 and ERISA 510.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at CARLSBAD, CALIFORNIA on SEPTEMBER 15, 2008.

By: ____________________
DONALD A. GREEN

# EXHIBIT A

LAW OFFICES OF
*George L. de la Flor*
8355 LA MESA BLVD.
LA MESA, CALIFORNIA 91941
(619) 698-2926
Facsimile (619) 698-7540

June 1, 2005

Local Union 465
ATTN: Mr. Jerry Fecher
7444 Trade St.
San Diego, CA 92121-3413
FAX: (858) 536-7197

**VIA FACSIMILE AND U.S. MAIL ONLY**

**RE: Our Client: Mark Brownell**

Dear Mr. Fecher:

I am writing to inform you that we have been retained to represent Mark Brownell, your former member, in employment disputes with his former employer SDG&E. As you are aware, Mr. Brownell has been battling SDG&E over lost wages and benefits for a considerable time. After numerous attempts to resolve those disputes, he has resorted to obtaining legal counsel to represent him further. You are hereby requested to please address all further communications regarding Mr. Brownell to my office.

There is a discrepancy in their policies regarding the payment of these benefits versus your union bargaining agreement. I am therefore additionally writing to request that you forward a copy of that collective bargaining agreement to my office forthwith. In addition, the union represented Mr. Brownell on a number of related if not identical matters. Your cooperation in providing me a copy of all correspondence to SDG&E, their responses, grievances, complaints, and appeals made by the union on behalf of Mr. Brownell, and all correspondence by and between Mr. Brownell and the union concerning these matters, would be much appreciated. A copy of the fully executed designation of counsel and authorization to release personnel records is enclosed for your records.

Please feel free to contact me should you have any questions or concerns. Thank you for your cooperation and assistance.

Sincerely,

Donald A. Green, Esq. for
Law Offices of George L. de la Flor

# EXHIBIT B

Sempra Energy®

Larry I. Stein
Attorney

555 W. Fifth Street, Suite 1400
Los Angeles, CA 90013-1011

Tel: 213.244.2958
Fax: 213.629.9620
lstein@sempra.com

July 21, 2005

Donald A. Green, Esq.
Law Offices of George L. de la Flor
8355 La Mesa Blvd.
La Mesa, CA 91941

RE: Your Client: Mark Brownell

Dear Mr. Green:

This is in response to your letter dated June 1, 2005.

Attached please find the claim denial dated December 7, 2004 which was sent to your client. This outlines the position of the Plan Fiduciary.

I have forwarded your letter to Employee Benefits to double check the disability benefit calculation. I will also request that they look into vacation pay. It is my understanding that since your client has been terminated, he is no longer entitled to company paid life insurance. As to obtaining information on the Cash Balance Plan your client may contact the Retiree Service Center at 1-800-252-2172 or go-line at https://se.benefitscenter.com.

I hope this resolves your client's issues. Please let me know if you have any further questions.

Very truly yours,

Larry I. Stein

LIS:sf
enclosures
cc: Nancy Schirber
Toni Sepulevda

#167927 v1

Sempra Energy®

Larry I. Stein
Attorney

555 W. Fifth Street, Suite 1400
Los Angeles, CA 90013-1011

Tel: 213.244.2958
Fax: 213.629.9620
lstein@sempra.com

December 7, 2004

Mr. Mark Steven Brownell
1695 Pepper Drive
El Cajon, CA 92021

**RE: Your Appeal for Health Care Coverage & Pension Credits**

Dear Brownell:

Please be advised that your claim of entitlement to Company paid medical and other ancillary benefits during your period of receipt of Long Term Disability Benefits was reviewed by the Benefits Committee on November 19, 2004. Your claim was respectfully denied.

In reaching this decision, the Committee carefully review material presented on your behalf by Mr. Fecher, Business Representative for Local 465 of the IBEW. The Committee reviewed the portions of the Summary Plan Description which he called to it's attention.

However, in reaching it's conclusion, the Committee relied on page 113 of the Collective Bargaining Agreement entitled "Sick Leave of Absence", which provides that an employee will be terminated if unable to return to work within one year.

The Company further relied on portions of the respective Summary Plan Descriptions including the Medical Plan/Summary Plan Description which provide that coverage ceases upon termination of employment. In interpreting plan provisions the Company also took notice of past practice.

This is the final step in the claims procedure. Please review your Summary Plan Description for any further steps or actions you may take.

Very truly yours,

Larry I. Stein
Secretary, Benefits Committee

LIS:sf
Cc: Benefits Committee
Steven Williamson, SDG&E
Jerry Fletcher

# EXHIBIT C

LAW OFFICES OF
*George L. de la Flor*
8355 LA MESA BLVD.
LA MESA, CALIFORNIA 91941
(619) 698-2926
Facsimile (619) 698-7540

September 29, 2005

Larry Stein, Esq.
Sempra Energy
555 W. Fifth Street, Suite 1400
Los Angeles, CA 90013-1011
FAX: (213) 629-9620

**VIA FACSIMILE AND U.S. MAIL ONLY**

**RE: Our Client: Mark Brownell**

Dear Mr. Stein:

As you are well aware, our office has been retained by your former employee, Mark Brownell, to pursue benefits to which he is entitled from Sempra Energy. I have attempted to resolve these issues with Local Union 465 as well as Sempra Energy, but have had no success.

Mr. Brownell has filed grievances and appeals with Sempra Energy in the past. I am writing to request that you provide me written confirmation that Mr. Brownell has exhausted his administrative remedies regarding these issues. If he has not, I request that you provide me with detailed procedures for completing the administrative process according to Mr. Brownell's benefits plan.

Thank you in advance for your cooperation and professional courtesy in this regard.

Sincerely,

Donald A. Green, Esq. for
Law Offices of George L. de la Flor

DAG/dg

# EXHIBIT D

Sempra Energy®

Larry I. Stein
Attorney

555 W. Fifth Street, Suite 1400
Los Angeles, CA 90013-1011

Tel: 213.244.2958
Fax: 213.629.9620
lstein@sempra.com

October 3, 2005

Donald A. Green, Esq.
Law Offices of George L. de la Flor
8355 La Mesa Blvd.
La Mesa, California 91941

Re: Your Client: Mark Brownell

Dear Mr. Green:

This is in response to your letter dated September 29, 2005. You have previously been provided with December 7, 2004 claim denial with respect to health care coverage and pension credits. That is the final step in the claims procedure as to those issues.

With respect to disability, your contention is that the hourly rate is miscalculated. Employees are paid on a payroll based upon a five-day work week. However, State Disability and Workers' Compensation use a seven-day work week. Therefore, for purposes of integration, it is necessary to express your client's five-day work week in terms of a seven-day work week, which reduces the hourly rate but keeps the weekly pay at the same level.

Please let me know if you have any questions or if I may be of any further assistance.

Very truly yours,

Larry I. Stein

LIS:sf

#171915 v1

# EXHIBIT E

GREEN & HUMBERT

ATTORNEYS AT LAW

Horace W. Green
C. Mark Humbert
Joanne M. Ryan
Patrick J. Foley, Of Counsel
Roberta D. Kreft, Paralegal
Zhong Lei, Legal Assistant

The Mills Building
220 Montgomery Street, Suite 438
San Francisco, California 94104
Telephone: (415) 837-5433 Facsimile: (415) 837-0127
www.lifehealthlaw.com

Horace W. Green
horaceg@lifehealthlaw.com

May 12, 2008

**VIA U.S. MAIL**
Donald A. Green, Esq.
Doan Law Firm, LLP
2850 Pio Pico Drive, Suite D
Carlsbad, CA 92008

**Re: Brownell v. San Diego Gas & Electric Co.**
**Case No.: 08-cv-00053-DMS-BLM**

Dear Mr. Green:

Enclosed please find documents produced by Defendants pursuant to Defendants' Initial Disclosures in the above-captioned action.

Please do not hesitate to contact our office if you have any questions with respect to the foregoing.

Sincerely,

Horace W. Green

HWG/zl

Encs.

# EXHIBIT F

-----Original Message-----
From: Williamson, Steven E.
Sent: Thu 6/17/2004 12:33 PM
To: Smith, Paul X.
Cc: Eagleson, Beth; Williamson, Steven E.
Subject: RE: Procedure for Terminating EE with Permanent Disability

First, given the 30 day waiting period the earliest the leave would have started would be 7/13/03.

Technically the contract states he does not go on LOA until he exhausts all sick leave, vacation benefits and floating holidays. Given the fact that he enjoyed vacation benefits on 12/4/03 gives me some discomfort. Also it ~~appears~~ mgt did not complete the appropriate LOA form. We might want to extend his LOA beyond 7/13/04 by the amount of vacation hours he was paid and terminate at that point, I will get a reaction from Beth.

Was this a non industrial or an industrial disability situation ?
-----Original Message-----
From: Smith, Paul X.
Sent: Wednesday, June 16, 2004 3:49 PM
To: Williamson, Steven E.
Subject: RE: Procedure for Terminating EE with Permanent Disability
Importance: High

HI Steve

I have checked his dates once again and it shows that his sick leave was exhausted on 06-09-03, and part of his vacation on 06-13-03. On 12-04-03 he was cashed out for the remainder of his vacation.

[redacted]

Honestly not sure if then we would apply his LOA as of 12-04-03 or 06-13-03. Your thoughts?
-----Original Message-----
From: Williamson, Steven E.
Sent: Tuesday, June 15, 2004 3:36 PM
To: Smith, Paul X.
Subject: RE: Procedure for Terminating EE with Permanent Disability

come over on Thurs, want to discuss ? thx.

[Williamson, Steven E.]
---Original Message-----
From: Smith, Paul X.
Sent: Tuesday, June 15, 2004 3:15 PM
To: Williamson, Steven E.
Subject: RE: Procedure for Terminating EE with Permanent Disability
Importance: High

There is not one in the file. At the time of his leave, his dept should have completed one. I will complete one now and back date it.
-----Original Message-----
From: Williamson, Steven E.
Sent: Tuesday, June 15, 2004 3:04 PM
To: Smith, Paul X.
Subject: RE: Procedure for Terminating EE with Permanent Disability

do we have a completed LOA form to support ?
-----Original Message-----
From: Smith, Paul X.
Sent: Tuesday, June 15, 2004 2:37 PM
To: Williamson, Steven E.
Subject: RE: Procedure for Terminating EE with Permanent Disability

# EXHIBIT G

Brownell, Mark 03S00784

**Add Date:** 07/28/2004 **Add User:** Lacy, Candace - Deactive **Notepad Type:** Documentation
**Edit Date:** 07/28/2004 **Edit User:** Lacy, Candace - Deactive

**Overview**

LOA question from Debby Couey

From: □Couey, Debora
Sent:□Wednesday, July 28, 2004 11:43 AM
To:□Lacy, Candace
Cc:□Williamson, Steven E.
Subject:□RE: Mark Brownell 10814

Candy, I prepared the termination letter and Steve's ready to go with it.

I have a side question, I find it odd that the EIM record shows the employee starting leave effective 12/3/03 and not some date in June or July, 2003. Should some effort go into correcting his employee record before this moves forward?

Debby Couey

# EXHIBIT H

SDGE Southern California Gas Company
Sempra Energy utilities

8306 Century Park Court, CP41C
San Diego, CA 92123-1530

August 26, 2008

Mark S Brownell
4851 County Road 3437
Atlanta, TX 75551

| | |
|---|---|
| **Employee:** | **Mark S Brownell** |
| **Employer:** | **SAN DIEGO GAS & ELECTRIC** |
| **Date of Injury:** | **06/06/2003** |
| **Claim Number:** | **03S00784** |

Mr. Brownell:

I am the claims examiner handling your worker's compensation claim and your disability benefits on behalf of San Diego Gas & Electric. This notice is to advise you of your Long Term Disability benefits status.

Please be advised that as of 8/22/08 your LTD overpayment has been satisfied and your LTD, benefit is being reinstated beginning 8/23/08. Please remember LTD benefit is subject to tax, and also will offset any other money received from Social Security.

Attached is your updated Benefit Calculation Worksheet for your file.

If you have questions or concern, I can be reached at (858)636-5516.

Sincerely,

Tess Del Rosario
Claims Analyst

Encls: LTD calculation worksheet

# REVISED LONG TERM DISABILITY BENEFIT CALCULATION WORKSHEET

EMPLOYEE NAME: Mark S. Brownell

TOTAL COMPENSATION LAST DAY WORKED: $56,601.20

BENEFIT PERCENTAGE:

(A) Maximum biweekly benefit: $1,302.56

(B) Other income (offsets):
SDI/UCDI ______
Workers' Compensation ______
Social Security ______ 818.00

BIWEEKLY LONG TERM DISABILITY BENEFIT (A minus B): $ 484.56

DISABILITY DATE: 6/6/03

ELIMINATION PERIOD: 6/6/03-12/02/03

EFFECTIVE DATE: 8/23/08

DATE INITIAL PAYMENT COMMENCES: 9/5/08

REMARKS:

COMPLETED BY: Tess Del Rosario ______ DATE: 8/26/08______